UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

       Plaintiff,

  v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS COURT-APPOINTED
TEMPORARY RECEIVER,

       Defendants.
------------------------------------------------------------X

Case No. 1:23-cv-08570-JLR

**MOTION FOR INTERPLEADER DEPOSIT**
**(28 U.S.C. § 1335)**

Plaintiff's motion for interpleader deposit of proceeds is **DENIED** without prejudice to renewal once all Defendants are served and have had the opportunity to appear in this action.

Dated: October 5, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

      Pursuant to 28 U.S.C. § 1335, Plaintiff, Brighthouse Life Insurance Company ("Brighthouse"), hereby moves this Court for an Order directing the Clerk of Court to accept interpleader funds in the amount of $9,000,000.00, plus applicable interest (the "Interpleader Funds"). As set forth more fully in the allegations in its Complaint in Interpleader (ECF No. 1), which are incorporated herein by reference, this is a duly commenced interpleader action to resolve competing claims to the Interpleader Funds, representing proceeds that remain due and are at issue under life insurance policy number 7447253. Brighthouse stands ready, willing, and

able to immediately deposit the Interpleader Funds in the Registry so that the Court may exercise the full extent of its jurisdiction under 28 U.S.C. § 1335.

Jurisdiction is established for statutory interpleader where (1) the amount in controversy is at least $500; (2) two or more adverse claimants are of diverse citizenship; and (3) the funds at issue have been deposited in the Court's registry. 28 U.S.C. § 1335(a). The Defendants in this matter are citizens of New York, New Jersey, Delaware, Nevada, California, Tennessee and Texas and have asserted competing claims to the Interpleader Funds, which exceed the minimum requirement of $500 under 28 U.S.C. § 1335(a). (*See* ECF No. 1, ¶¶ 19, 63.)  Brighthouse is a disinterested stakeholder and does not claim any right or interest in the Interpleader Funds, except to recover its attorneys' fees and costs of this action.

Moreover, none of the Defendants will be prejudiced by allowing Brighthouse to immediately deposit the Interpleader Funds into the Registry. All Defendants, through counsel, will have been given notice of this Motion, along with the Complaint and other filings. And, allowing such a deposit is not granting Brighthouse the ultimate interpleader relief it seeks, which shall await the appearances of the Defendants in the case.

Brighthouse further requests that the Clerk of Court be directed to deposit the Interpleader Funds into the Disputed Ownership Fund (DOF) in the Court Registry Investment System (CRIS) pending further Order of the Court.

Dated: October 4, 2023        Respectfully submitted,

/s/ Michelle J. d'Arcambal
Michelle J. d'Arcambal, Esq.
**d'Arcambal Ousley & Cuyler Burk, LLP**
40 Fulton Street, Suite 1501
New York, NY 10038
Tel: (212) 971-3175
Email; mdarcambal@darcambal.com

*Attorneys for Plaintiff Brighthouse Life Insurance Company*