SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

SPIN CAPITAL, LLC,

                Plaintiff,

- v -

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., ZURICH AMERICAN LIFE INSURANCE CO., ACCORDIA LIFE AND ANNUITY COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE CO., CAP FACTOR, LLC, STEFAN LEER, TATANISHA LEER,

                Defendant.

**INDEX NO.** 650582/2022

**MOTION DATE** 08/10/2023, 09/01/2023, 10/30/2023, 11/17/2023, 11/17/2023

**MOTION SEQ. NO.** 016 017 018 019 019

**DECISION + ORDER ON MOTION**

-----------------------------------------------------------------------------------X

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., STEFAN LEER, TATANISHA LEER

Third-Party
Index No. 595367/2022

                Plaintiff,

-against-

SPIN CAPITAL, LLC, AVRUMI LUBIN

                Defendant.

-----------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 016) 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 316, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 389, 390, 391, 392, 435
were read on this motion to/for                 MISCELLANEOUS        .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 357, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387

650582/2022   SPIN CAPITAL, LLC vs. GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL   Page 1 of 5
Motion No.  016 017 018 019 019

1 of 5

| | |
|---|---|
| were read on this motion to/for | ENFORCE/EXEC JUDGMENT OR ORDER . |

The following e-filed documents, listed by NYSCEF document number (Motion 018) 394, 395, 396, 397, 398, 399, 400

| | |
|---|---|
| were read on this motion to/for | APPROVE/SETTLE ACCOUNTING . |

The following e-filed documents, listed by NYSCEF document number (Motion 019) 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465

| | |
|---|---|
| were read on this motion to/for | DISCOVERY . |

The following e-filed documents, listed by NYSCEF document number (Motion 019) 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465

| | |
|---|---|
| were read on this motion to/for | ENFORCEMENT . |

As set forth on the record (1.4.24), the Plaintiff's motion for a protective order (Mtn. Seq. No. 016) is denied without prejudice. The motion to dismiss the counterclaims was granted without prejudice and the intention was that the Defendants would be entitled to seek appropriate proportional discovery as to the underlying debt and, if appropriate, reassert counterclaims. The court (Rakoff, J.) decision in *Haymount Urgent Care PC v GoFund Advance, LLC*, 2023 US Dist LEXIS 151141 [SDNY Aug. 28, 2023, No. 22-cv-1245 (JSR)]), post dates the motion to dismiss the counterclaims and raises questions not previously considered by this Court (because the parties had not previously raised those issues as the decision had not yet been issued). The scope of the discovery however appears to be too overbroad. If the parties can not agree (given the Court's guidance on the record), the Defendant may email Part 53 (sfc-part53@nycourts.gov) and request a conference, and the Court shall issue a supplemental order.

The branch of the Receiver's motion directing the Leer Defendants to turn over the Hancock Distribution (hereinafter defined) (Mtn. Seq. No. 017) is granted. This Court issued a clear unequivocal Decision and Order dated January 6, 2023 (NYSCEF Doc. No. 245; the **Receiver**

650582/2022   SPIN CAPITAL, LLC vs. GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL   Page 2 of 5
Motion No.  016 017 018 019 019

2 of 5

**Order**) pursuant to which this Court (x) appointed Fred Stevens as Receiver for certain Insurance Policies, including the John Hancock Policy, (y) authorized the Receiver to take steps reasonably necessary to investigate the Insurance Policies and other insurance policies owned or transferred by the Leer Defendants, and (z) ordering all parties to cooperate with the Receiver and abide by requests for documents, records or information. In violation of the Receiver Order, Defendant Stefan Leer willfully and contumaciously applied on behalf of Life Shares 1019, LLC for a distribution under the John Hancock Policy and directed that distribution of $1,985,267.42 in insurance proceeds be routed to a Life Shares 1019, LLC account (the **Hancock Distribution**; *see* NYSCEF Doc. No. 324) and has refused to turn or direct that these monies be turned over to the Receiver. He is thus in in civil contempt. He may purge this civil contempt of court by turning the Hancock Distribution over to the Receiver by 5 pm on January 5, 2024. If he fails to cause the proceeds to be deposited with the Receiver by such time, the Receive may email Part 53 (sfc-part53@nycourts.gov), and the Court may hold Mr. Leer in criminal contempt.

The branch of the Receiver's motion seeking a release with respect to the Brighthouse Insurance proceeds is held in abeyance until the parties receive guidance from the United States District Court for the Southern District of New York as it relates to this Insurance Policy where this Court is the Court of primary jurisdiction as it relates to the dispute between the parties.

The Receiver's motion to approve and authorize payment of fees to the Receiver and for the reimbursement of expenses (Mtn. Seq. No. 018) is granted. The motion is unopposed, and the fees and expenses are reasonable.

650582/2022   SPIN CAPITAL, LLC vs. GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL   Page 3 of 5
Motion No.  016 017 018 019 019

3 of 5

The Leer Defendants' motion to compel subpoena compliance on BMF and Hi Bar (Mtn. Seq. No. 019) is denied without prejudice as to BMF and granted with respect to Hi Bar. The BMF subpoena does not appear to have been properly served. Leave is granted to the Leer Defendants to move by order to show cause to seek alternative service. With respect to Hi Bar, as with Spin, the scope of the material sought however is overboard and the parties are directed to meet and confer as directed on the record.

Accordingly, it is hereby

ORDERED that the motion for a protective order striking certain deposition topics and limiting the scope of Spin Capitals's deposition (Mtn. Seq. No. 016) is denied without prejudice; and it is further

ORDERED that the parties shall meet and confer on an appropriate scope of discovery; and it is further

ORDERED that the motion to hold the Leer Defendants in civil contempt (Mtn. Seq. No. 017) is granted solely to the extent that Defendant Stefan Leer is in civil contempt of court; and it is further

ORDERED that Defendant Stefan Leer shall be able to purge this civil contempt of court by turning over the Hancock Distribution to the Receiver by 5:00 pm on January 5, 2024; and it is further

650582/2022   SPIN CAPITAL, LLC vs. GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL   Page 4 of 5
Motion No.  016 017 018 019 019

4 of 5

ORDERED that if he fails to cause the proceeds to be deposited with the Receiver by such time, the Receiver may email Part 53 (sfc-part53@nycourts.gov), and the Court may hold Mr. Leer in criminal contempt; and it is further

ORDERED that the Receiver's motion to approve and authorize payment of fees and reimbursement of expenses (Mtn. Seq. No. 018) is granted; and it is further

ORDERED that the motion to compel subpoena compliance (Mtn. Seq. No. 019) is denied without prejudice as to BMF and granted as to Hi Bar to the extent set forth on the record.

| 1/4/2024 | | |
|---|---|---|
| **DATE** | | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

650582/2022   SPIN CAPITAL, LLC vs. GOLDEN FOOTHILL INSURANCE SERVICES, LLC ET AL   Page 5 of 5
Motion No. 016 017 018 019 019

5 of 5