**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

| | | |
|---|---|---|
| BRIGHTHOUSE LIFE INSRUANCE COMPANY, | : | Case No. 1:23-cv-08570 (DEH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SPIN CAPITAL, LLC; | : | |
| GOLDEN FOOTHILL INSURANCE SERVICES, LLC; | : | |
| LIFE FACTOR II, LLC; | : | |
| LIFE SHARES II, LLC; | : | |
| EL DORADO HILLS INSRUANCE SOLUTIONS, INC.; | : | |
| LONE WOLF INSURANCE SERVICES, INC.; | : | |
| ELDO INVESTMENTS, LLC; | : | |
| THE GENSIS LS FUND, LLC; | : | |
| KLT HOLDINGS, INC.; | : | |
| DRVN HOLDINGS, LLC; | : | |
| LIFE SHARES 1019, LLC; | : | |
| STEFAN LEER; | : | |
| TATANISHA LEER; | : | |
| CAP FACTOR, LLC; | : | |
| MICHAEL TRUSNER; | : | |
| DAVA TRUSNER; and | : | |
| FRED STEVENS, AS COURT-APPOINTED | : | |
| TEMPORARY RECEIVER, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------------x

**ANSWER OF INTERPLEADER DEFENDANT FRED STEVENS, AS COURT-
APPOINTED TEMPORARY RECEIVER, TO INTERPLEADER PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE CLAIM TO THE *RES***

Interpleader defendant Fred Stevens, in his capacity as court-appointed temporary receiver

(the "Receiver"), as and for his answer to the *Complaint in Interpleader*, dated September 28, 2023

(the "Complaint") [Docket No. 1], filed by interpleader plaintiff Brighthouse Life Insurance

Company (the "Plaintiff"), and affirmative claim to the *res* (the "Answer"), respectfully states as follows[1]:

## PRELIMINARY STATEMENT

This action is, unfortunately, entirely redundant of matters that are squarely before the New York State Supreme Court in the case captioned: *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022 (J.S.C. Borrok, J.) (N.Y.S. Sup. Ct., N.Y. Cty. 2022) (*i.e.*, the New York Action), and consequently, is a waste of this Court's time to adjudicate.

The Plaintiff's filing of the within action was necessitated by interpleader defendant Golden Foothill Insurance Services, LLC, and related parties, who refused to provide Plaintiff with a basic form of release in order to turn over the $9 million at issue (*i.e.*, the Remaining Death Benefit) to the Receiver and allow the entitlement issues to be litigated in the New York Action, where the parties have been litigating for two years. Every other relevant party fully signed off on such a release to Plaintiff and consented to the turnover of the proceeds at issue to the Receiver.

Relatedly, the Receiver previously sought an order in the New York Action to compel the Leer Defendants (as defined herein) to, among other things, comply with the Spin Capital Receiver Order and cooperate in the Receiver's efforts to take possession of the amounts at issue. To that end, the court in the New York Action entered an order, dated January 4, 2024, wherein it decided to compel the Leer Defendants' turnover of nearly $2 million remitted by another insurer on an identical theory, but deferred on the Receiver's request with respect to the $9 million at issue here pending receipt of guidance from this Court as follows:

> The branch of the Receiver's motion seeking a release with respect to the Brighthouse Insurance proceeds is held in abeyance until the parties receive guidance from the United States District Court for the Southern District of

---

[1] Capitalized terms used but not immediately defined herein shall have the meanings assigned to them elsewhere in the Answer and/or in the Complaint, as applicable.

> New York as it relates to this Insurance Policy where this Court is the Court of primary jurisdiction as it relates to the dispute between the parties.

New York Action NYSCEF Docket No. 467 (Jan. 4, 2024).

Unfortunately, litigating this case before this Court is entirely redundant and there is no good reason for doing it. Accordingly, as set forth below, the Receiver respectfully submits that this Court should avoid hearing the substance of these matters in favor of the New York Action, and this matter should be returned to the court in the New York Action in the first instance for a determination of the Receiver's request that certain parties be compelled to cooperate with the turnover of the funds at issue to the Receiver consistent with Spin Capital Receiver Order. A ruling on that issue in the New York Action could potentially save all parties a tremendous amount of avoidable fees and expenses. Alternatively, the Receiver respectfully requests judgment in his favor directing the turnover of the policy proceeds at issue subject to the terms of the Spin Capital Receiver Order.

## **PARTIES**

1.      Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 1 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint. To the extent paragraph 1 of the Complaint purports to state legal conclusions, no response is required, and the Receiver respectfully refers all questions of law to the Court.

2.      Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 2 of the Complaint. The remainder of paragraph 2 of the Complaint contains no allegations of fact to which a response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

3.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 3 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint. To the extent paragraph 3 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced document for its precise contents and refers all questions of law to the Court.

4.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 4 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint. To the extent paragraph 4 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

5.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 5 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint. To the extent paragraph 5 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

6.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 6 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint. To the extent paragraph 6 of the Complaint purports to state legal conclusions, no

response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

7.      Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 7 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint. To the extent paragraph 7 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

8.      Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 8 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint. To the extent paragraph 8 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

9.      Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 9 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint. To the extent paragraph 9 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

10.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 10 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of

the Complaint. To the extent paragraph 10 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

11.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 11 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint. To the extent paragraph 11 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

12.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 12 of the Complaint and that defendant Stefan Leer ("S. Leer") is a principal owner of defendant Life Shares 1019, LLC ("LS1019"). The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

13.     Upon information and belief, the Receiver admits that S. Leer is a principal owner of LS1019. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint. To the extent paragraph 13 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

14.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

15.     Upon information and belief, the Receiver admits the allegations contained in the first sentence of paragraph 15 of the Complaint. The Receiver denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint. To the extent paragraph 15 of the Complaint purports to state legal conclusions, no response is required. The Receiver respectfully refers the Court to the referenced documents for their precise contents and refers all questions of law to the Court.

16.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

17.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

18.     The Receiver admits the allegations contained in the first sentence of paragraph 18 of the Complaint. The remainder of paragraph 18 contains conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

19.     Paragraph 19 contains conclusions of law to which no response is required and the Receiver respectfully refers the same to the Court.

20.     Paragraph 20 contains conclusions of law to which no response is required and the Receiver respectfully refers the same to the Court.

## CAUSE OF ACTION IN INTERPLEADER

21.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits that policy number 7447253 (the "Policy") provided coverage on the life of John P. Utsick (the "Insured" or "J. Utsick"), respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

22.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

23.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits the commencement of the action captioned *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No 1:06-cv-20975-PCH, in the U.S. District Court for the Southern District of Florida (the "Florida Action"), and respectfully refers the Court to the referenced document for its precise contents.

24.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admits the appointment of Michael I. Goldberg (the "SEC Receiver") in the Florida Action, and respectfully refers the Court to the referenced document for its precise contents.

25.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

26.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

27.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

28.     Upon information and belief, the Receiver admits the allegations contained in paragraph 28 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

29.     Upon information and belief, the Receiver admits the allegations contained in paragraph 29 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

30.     Upon information and belief, the Receiver admits the allegations contained in paragraph 30 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

31.     Upon information and belief, the Receiver admits the allegations contained in paragraph 31 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

32.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

33.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

34.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and respectfully refers the Court to the referenced documents for their precise contents.

35.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, except admits the commencement of the action captioned *Michael Trusner, et al. v. Life Factor II, LLC, et al.*, Case No 30-2021-01227477-CU-BC-CJC, in the California Superior Court, County of Orange (the "Trusner California Action"), and respectfully refers the Court to the referenced document for its precise contents.

36.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that the Receiver is not a party to the Trusner California Action. The Receiver respectfully refers the Court to the case docket of the Trusner California Action and refers all questions of law to the Court.

37.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

38.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

39.     Upon information and belief, the Receiver admits the allegations contained in paragraph 39 of the Complaint and respectively refers the Court to the referenced document for its precise contents.

40.     Upon information and belief, the Receiver admits that Michael Trusner and Dava Trusner are not named as parties in the New York Action, denies knowledge and information sufficient to form a belief as to the truth of the other allegations contained in paragraph 40 of the Complaint, and refers all questions of law to the Court.

41.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

42.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

43.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

44.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

45.     The Receiver admits the allegations contained in paragraph 45 of the Complaint, except avers that the Spin Capital Receiver Order was dated January 4, 2023, and entered on January 6, 2023, and respectively refers the Court to the Spin Capital Receiver Order for its precise contents.

46.     The Receiver admits the allegations contained in paragraph 46 of the Complaint and respectfully refers the Court to the Spin Capital Receiver Order for its precise contents.

47.     Upon information and belief, the Receiver admits the allegations contained in paragraph 47 of the Complaint and respectively refers the Court to the referenced document for its precise contents.

48.     Paragraph 48 of the Complaint contains conclusions of law to which no response is required. The Receiver respectfully refers the Court to the referenced document for its precise contents and refers all questions of law to the Court. As outlined in the affirmative claim to the *res* section, *infra*, the Receiver avers that he is entitled to $9,000,000.00 of the total Death Benefit (*i.e.*, the Remaining Death Benefit) as a result of the death of the Insured and in accordance with the terms of the Spin Capital Receiver Order.

49.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

50.     Paragraph 50 of the Complaint contains conclusions of law to which no response is required. The Receiver respectfully refers the Court to the Spin Capital Receiver Order, including Spin Capital Receiver Order ¶¶ 13 and 14, for its precise contents, and refers all questions of law to the Court.

51.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and respectfully refers the Court to the referenced document for its precise contents.

52.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and respectfully refers the Court to the referenced documents for their precise contents.

53.     The Receiver admits the allegations contained in paragraph 53 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court[2].

54.     The Receiver admits the allegations contained in paragraph 54 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

55.     The Receiver admits the allegations contained in paragraph 55 of the Complaint, respectfully refers the Court to the referenced documents for their precise contents, and refers all questions of law to the Court.

56.     The Receiver admits the allegations contained in paragraph 56 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

57.     The Receiver admits that he is not a party to the LS1019 California Action and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the Complaint. To the extent paragraph 57 contains conclusions of law, no response is required.

58.     The Receiver admits the allegations contained in paragraph 58 of the Complaint and respectively refers the Court to the referenced document for its precise contents.

---

[2] Regarding footnote 3 contained in paragraph 53 of the Complaint, the Receiver admits that John Handcock is a party to the New York Action and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations. The Receiver respectfully refers the Court to the referenced document for its precise contents and refers all questions of law to the Court.

59.     The Receiver admits the allegations contained in paragraph 59 of the Complaint and respectively refers the Court to the referenced document for its precise contents.

60.     The Receiver admits the allegations contained in paragraph 60 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

61.     The Receiver admits the allegations contained in paragraph 61 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

62.     The Receiver admits the allegations contained in paragraph 62 of the Complaint, respectfully refers the Court to the referenced document for its precise contents, and refers all questions of law to the Court.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required and the Receiver respectfully refers the same to the Court.

64.     The Receiver admits the allegations contained in paragraph 64 of the Complaint.

65.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint. To the extent paragraph 66 of the Complaint contains conclusions of law, no response is required and the Receiver respectfully refers the same to the Court.

67.     The Receiver denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint. To the extent paragraph 67 of

the Complaint contains conclusions of law, no response is required and the Receiver respectfully refers the same to the Court.

68.     Paragraph 68 of the Complaint contains no allegations of fact to which a response is required.

69.     Paragraph 69 of the Complaint contains no allegation of fact to which a response is required. To the extent paragraph 69 contains conclusions of law, no response is required and the Receiver respectfully refers the same to the Court.

70.     Paragraph 70 of the Complaint contains no allegations of fact to which a response is required.

71.     The Receiver admits that he did not request that Plaintiff commence the instant-action and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of the Complaint. To the extent paragraph 71 contains conclusions of law, no response is required and the Receiver respectfully refers the same to the Court.

## ANSWER TO PLEA FOR RELIEF

The remainder of the Complaint contains a plea for relief, to which no response is required. To the extent a response is deemed necessary, the Receiver respectfully requests that this Court either:

(i)     Return this matter to the court in the New York Action for a determination of the Receiver's request that certain parties be compelled to cooperate with the turnover to the Receiver of the Remaining Death Benefit, consistent with the Spin Capital Receiver Order, or alternatively,

(ii)    enter judgment in the Receiver's favor as described in the affirmative claim to the *res* section, *infra*.

For the avoidance of doubt, the Receiver denies each and every allegation of the Complaint not specifically and expressly admitted herein.

## THE RECEIVER'S AFFIRMATIVE CLAIM TO THE *RES*

1. The Receiver repeats and realleges the responses set forth in paragraphs 1 through 71 as if fully set forth herein.

2. The Receiver as and for his affirmative claim to the *res*, alleges upon knowledge as to himself and his own acts, and otherwise on information and belief, as follows:

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action for the reasons set forth in paragraphs 19 and 20 of the Complaint.

## FACTS

### I.   *Appointment of the Receiver and Terms of the Spin Capital Receiver Order*

4. The Receiver was appointed as temporary receiver in the New York Action in accordance with the Spin Capital Receiver Order, dated January 4, 2023 [New York Action NYSCEF Docket No. 245].

5. Since entry of the Spin Capital Receiver Order, the Receiver has continually served as temporary receiver in the New York Action.

6. The Spin Capital Receiver Order empowered the Receiver to, among other things, take possession of certain life insurance policies of the Leer Defendants[3], make premium payments on said insurance policies, receive and hold the proceeds of receivership property, namely, the

---

[3] As used herein, "Leer Defendants" includes the following interpleader defendants also named in the instant action: Golden Foothill Insurance Services, LLC, Life Factor II, LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., ELDO Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., DRVN Holding, Inc., and LS1019 (*i.e.*, Life Shares 1019, LLC). For purposes of the Answer, the "Leer Defendants" is also inclusive of interpleader defendants S. Leer and Tatanisha Leer.

proceeds of the insurance policies implicated under the Spin Capital Receiver Order, investigate the existence of other insurance policies, and report on the status of his activities to the parties and the court in the New York Action.

7.      One of the life insurance policies specifically listed as withing the scope of the Spin Capital Receiver Order was that certain life insurance policy issued by Plaintiff on the life of J. Utsick, policy number 7447253 (*i.e.*, the Policy). *See* Spin Capital Receiver Order, ¶ 1.

8.      The Spin Capital Receiver Order directed the Receiver to "collect and receive all income, earnings, profits, refunds, distributions, and proceeds derived from the [insurance policies]", including the Policy, and to that end, "anybody in possession of the same [is required to] turn [it] over to the Receiver." *See Id*., at ¶¶ 10-11.

9.      Further, the Spin Capital Receiver Order provides:

    i.     "[a]ll parties (including Leer Defendants, all other parties to this litigation, and their employees, representatives, agents, and attorneys) are hereby enjoined from interfering in any way with the Receiver in the performance of his responsibilities and duties and shall cooperate with the Receiver and abide by his requests for documents, records, or information" (*Id*. at ¶ 13); and

    ii.     "[All] parties obligated to remit any income, earnings, profits, refunds, distributions, and proceeds to Leer Defendants on account of the [Policy] shall make such remittance to the Receiver; and that Leer Defendants are hereby enjoined and restrained from collecting any such income, earnings, profits, refunds, distributions, and proceeds and from selling, assigning, transferring, encumbering, amending, modifying, cancelling, terminating, or disposing of the [Policy]." *Id*. at ¶ 14.

10.     Upon information and belief, the Insured died on or about June 8, 2023.

11.     As noted in paragraph 48 of the Complaint, as a result of the death of the Insured, the Policy death benefits in the amount of $15,000,000.00 (*i.e.*, the Death Benefit) are now due and payable.

## II.   *The Florida Action and the SEC Receiver*

12.     Upon information and belief, the Securities and Exchange Commission previously commenced the action captioned *Securities and Exchange Commission v. John P. Utsick, er al.*, case number 1:06-cv-20975-PHC, in the U.S. District Court for the Southern District of Florida, *i.e.*, the Florida Action.

13.     Upon information and belief, Michael I. Goldberg (*i.e.*, the SEC Receiver) was subsequently appointed as receiver in the Florida Action.

14.     Upon information and belief, on or about May 3, 2021, the court in the Florida Action entered an order authorizing the SEC Receiver to transfer its ownership interest in the Policy to interpleader defendant Life Factor II, LLC. *See* Exhibit "E" attached to the Complaint.

15.     In accordance with said order, the SEC Receiver retained certain interests in the Policy (the "SEC Policy Interest"). *See Id*.

16.     By a release dated on or about September 22, 2023, the interpleader defendants, including the Receiver, disclaimed any competing interest against the SEC Policy Interest in the Death Benefit, and consequently, $6,000,000.00 of the Death Benefit is due and payable to the SEC Receiver.

17.     Consequently, $9,000,000.00 of the Death Benefit remains to be disbursed by the Plaintiff, *i.e.*, the Remaining Death Benefit.

## III. *The John Handcock Policy*

18.     In addition to the Policy, the Spin Capital Receiver Order also covers that certain life insurance policy issued by John Hancock on the life of J. Utsick, policy number 59592683 (the "John Hancock Policy"). *See* Spin Capital Receiver Order, ¶ 1.

19.     Like the Policy, the John Hancock Policy became due and payable upon the death of J. Utsick.

20.     Following J. Utsick's death, on August 2, 2023, the Receiver submitted a claim to John Hancock for payment of the John Hancock Policy proceeds in the amount of $1,985,367.42 (the "John Hancock Proceeds").

21.     On August 30, 2023, the Receiver was notified by John Hancock that it had paid the John Hancock Proceeds on August 16, 2023, to LS1019 in connection with a claim to the same submitted by LS1019, by and through its principal S. Leer, on July 25, 2023.

22.     The Receiver issued a letter to the Leer Defendants on August 30, 2023, demanding immediate return of the John Hancock Proceeds by no later than August 31, 2023, at 5:00 p.m. (EST). *See* Complaint, Exhibit "T".

23.     LS1019 responded by letter, dated August 31, 2023, arguing that the Spin Capital Receiver Order was void because the court in the New York Action lacked subject matter jurisdiction at the time of issuance. *See* Complaint, Exhibit "U".

24.     On September 1, 2023, the Receiver filed a motion by order to show cause in the New York Action seeking, among other things, to enforce the terms of the Spin Capital Receiver Order and to hold LS1019 and Stefan Leer, as well as any other parties involved, in contempt for their violation of the same by their conversion of the John Hancock Proceeds (the "Receiver Contempt Motion"). *See* New York Action NYSCEF Docket Nos. 318-337.

25.     On October 2, 2023, the Leer Defendants filed their objection to the Receiver

Contempt Motion arguing again, among other things, that the court in the New York Action lacked

subject matter jurisdiction when it issued the Spin Capital Receiver Order, and that consequently,

the same was void. *See* New York Action NYSCEF Docket Nos. 360-374.

26.     Following a January 4, 2024, hearing to consider the relief requested in the Receiver

Contempt Motion, the court in the New York Action entered an order holding, in relevant part:

> The branch of the Receiver's motion directing the Leer Defendants
> to turn over the [John Hancock Proceeds] (Mtn. Seq. No. 017) is
> granted. This Court issued a clear Order pursuant to which this Court
> (x) appointed Fred Stevens as Receiver for certain Insurance
> Policies, including the John Hancock Policy, (y) authorized the
> Receiver to take steps reasonably necessary to investigate the
> Insurance Policies and other insurance policies owned or transferred
> by the Leer Defendants, and (z) ordering all parties to cooperate with
> the Receiver and abide by requests for documents, records or
> information. In violation of the Receiver Order, Defendant Stefan
> Leer willfully and contumaciously applied on behalf of [LS1019]
> for a distribution under the John Hancock Policy and directed that
> distribution of $1,985,267.42 in insurance proceeds be routed to a
> [LS1019] account (the Hancock Distribution; see NYSCEF Doc.
> No. 324) and has refused to turn or direct that these monies be turned
> over to the Receiver. He is thus, in civil contempt. He may purge
> this civil contempt of court by turning the Hancock Distribution over
> to the Receiver by 5 pm on January 5, 2024. If he fails to cause the
> proceeds to be deposited with the Receiver by such time, the
> Receive may email Part 53 (sfc-part53@nycourts.gov), and the
> Court may hold Mr. Leer in criminal contempt.

See New York Action NYCEF Docket No. 467, pgs. 2-3.

## AFFIRMATIVE CLAIM TO THE *RES*

### Count I: Affirmative Claim to the *Res* (Against the Remaining Death Benefit)

27.     The Receiver repeats and realleges the forgoing allegations as though they were

fully set forth in this paragraph.

28.     For the reasons set forth above, the Receiver is the rightful claimant to the Remaining Death Benefit.

29.     The Policy is one of several that were listed as specifically within the scope of the Spin Capital Receiver Order.

30.     The Spin Capital Receiver Order specifically provides for payment of all proceeds of the insurance policies implicated thereunder, including the Policy, to the Receiver.

31.     All parties, including the Leer Defendants, are enjoined and restrained from interfering with the Receiver's administration of the insurance policies in question, and the proceeds thereof, including the Policy and the Remaining Death Benefit.

32.     Consequently, the Plaintiff must distribute the Remaining Death Benefit to the Receiver.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver respectfully requests that this Court enter judgment in favor of the Receiver as follows:

A.     Declaring that, pursuant to the terms of the Spin Capital Receiver Order, the Remaining Death Benefit is rightly payable to the Receiver;

B.     Directing the Plaintiff to immediately pay the Remaining Death Benefit, in the amount of $9,000,000.00 to the Receiver; and

C.     Awarding such other and further relief, in law and equity, as this Court deems just and proper.

## <u>RESERVATION OF RIGHTS</u>

The Receiver hereby gives notice that he intends to rely upon such other and further facts and legal theories as may become available during discovery in this action and reserves the right to amend this Answer to assert the same.

Dated:   New York, New York
         January 10, 2024

**FRED STEVENS, AS COURT-
APPOINTED TEMPORARY RECEIVER**

By:   */s/ Fred Stevens*
      _____
      Fred Stevens
      c/o Klestadt Winters Jureller
          Southard & Stevens, LLP
      200 West 41st Street, 17th Floor
      New York, New York 10036-7203
      Tel: (212) 679-5342
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com