UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

       Plaintiff,

  v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

       Defendants.
----------------------------------------------------------X

Case No.:
1:23-cv-08570-DEH

**ATTORNEY DECLARATION IN SUPPORT OF
BRIGHTHOUSE LIFE INSURANCE COMPANY'S
MOTION FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN
<u>INTERPLEADER, INCLUDING ATTORNEYS' FEES</u>**

    MICHELLE J. D'ARCAMBAL, an attorney duly licensed to practice law in the State of New York and in the Southern District of New York, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am a member of the law firm of d'Arcambal Ousley & Cuyler Burk, LLP ("DOCB"), national counsel for Plaintiff, Brighthouse Life Insurance Company ("Brighthouse").

I submit this declaration in support of Brighthouse's Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Motion").

2. I make this declaration on the basis of personal knowledge of the matters set forth herein, except where expressly noted otherwise, and I am competent to testify to the same. I am familiar with the file in this litigation and the pleadings and other papers filed in connection thereof.

3. Brighthouse has incurred substantial legal expenses due to the uncooperative attitude of most[1] of the Defendants and the Proposed Intervenors[2] (collectively, the "Claimants") and their conflicting demands.

4. Brighthouse attempted to resolve this matter early. On June 13, 2023, I informed Defendants,[3] Spin Capital, LLC ("Spin Capital"), the Leer Parties,[4] Life Shares 1019, LLC ("LS1019"), Cap Factor, LLC ("Cap Factor") and Fred Stevens, as Court-Appointed Temporary Receiver (the "New York Receiver") (collectively, "Defendants"), of the death of John P. Utsick (the "Insured"). As a result of the death of Insured, death benefits in the amount of $15,000,000

---

[1] The New York Receiver has been the only consistently cooperative Claimant. He is excluded from any reference to inappropriate or wrongful conduct of the Claimants.
[2] The Proposed Intervenors consist of members of the LS1019 investor group, including Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, The Charissa & Toney Trust, The Charissa Toney Living Trust, Matthew Troy and American River Ag, Inc. The Proposed Intervenors filed eleven Notices of Appearance on January 22, 2024 representing that they intend to move to intervene in this action. (ECF Docs. 60-70.) To date, no application for intervention has been filed.
[3] Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), on October 26, 2023 Defendants Michael Trusner and Dava Trusner (the "Trusners") were voluntarily dismissed as parties in this action. (ECF Doc. 27.)
[4] The "Leer Parties" include Defendants Stefan Leer, Tatanisha Leer, and various entities of which Stefan Leer is a principal: Golden Foothill Insurance Services, LLC; Life Factor II LLC; Life Shares II, LLC; El Dorado Hills Insurance Solutions, Inc.; Lone Wolf Insurance Services, Inc.; ELDO Investments, LLC; The Genesis LS Fund, LLC; KTL Holdings, Inc.; and DRVN Holdings, LLC.

(the "Death Benefit") under life insurance policy number 7447253 (the "Policy") became due to a beneficiary or beneficiaries. I invited the Defendants to propose a resolution *Attached hereto as* **Exhibit 1** *is a true and correct copy of my June 13, 2023 email.*

5.  After failing to receive any meaningful feedback from most of the Defendants, on July 24, 2023 I proposed that the Defendants at least agree to allow Brighthouse to disburse the funds to Receiver Michael I. Goldberg (the "SEC Receiver") and the New York Receiver and release Brighthouse from liability. Most of the Defendants ignored this proposal. *Attached hereto as* **Exhibit 2** *is a true and correct copy of my July 24, 2023 email.*

6.  Nonetheless, I prepared a draft release, which the New York Receiver circulated to counsel for the Defendants on August 10, 2023 for their initial review and feedback. The release stated, in relevant part, "Brighthouse is prepared to initiate an interpleader action to resolve the competing claims to the Remaining Death Benefit …" The draft release also indicated that interest on the Death Benefit would be calculated at the rate of 8% from July 3, 2023 to the date of distribution. *Attached hereto as* **Exhibit 3** *is a true and correct copy of the August 10, 2023 email and attached release.*

7.  On August 14, 2023, Jason DeJonker, counsel for Spin Capital, responded to the New York Receiver's email with several reasonable questions, to which the New York Receiver responded. Shane Heskin, counsel for the Leer Parties and LS1019, responded, "[o]ur client needs to review still. I'm not sure they will agree to this," without any further explanation. *Attached hereto as* **Exhibit 4** *is a true and correct copy of the August 14, 2023 email thread.*

8.  I subsequently reminded the Defendants, in relevant part, that if no resolution concerning distribution of the funds could be reached, Brighthouse would need to commence an

interpleader action, and it would seek its fees and costs. *Attached hereto as* **Exhibit 5** *is a true and correct copy of my August 14, 2023 email.*

9. Spin Capital expressed agreement with the proposal. *Attached hereto as* **Exhibit 6** *is a true and correct copy of Spin Capital's August 16, 2023 email.*

10. On August 21, 2023, I followed up with Shane Heskin concerning whether his clients would agree to execute the proposed release. Mr. Heskin never responded to my email. *Attached hereto as* **Exhibit 7** *is a true and correct copy of my August 21, 2023 email.*

11. After the Defendants refused to unanimously agree to execute a release concerning Brighthouse's distribution of funds to the SEC Receiver and the New York Receiver, Brighthouse was prepared to file an interpleader complaint naming all Defendants and the SEC Receiver as parties. Brighthouse asked the SEC Receiver to consent to suit, but it did not.

12. Instead, on September 8, 2023, the SEC Receiver filed a Motion to Compel Turn Over and to Hold Brighthouse in Contempt (the "SEC Receiver's Contempt Motion"), which Brighthouse was compelled to defend itself against. Had the Defendants not unreasonably withheld consent to Brighthouse's payment to the SEC Receiver, the SEC Receiver would have had no reason to file a contempt motion. *Attached hereto as* **Exhibit 8** *is a true and correct copy of the SEC Receiver's Contempt Motion.*

13. In connection with an SEC action in the United States District Court for the Southern District of Florida[5] (the "Florida Action"), the district court set a status conference for September 15, 2023. On September 11, 2023, in advance of the conference, Brighthouse asked the Defendants to sign consent letters confirming that they had no objection to Brighthouse's distribution of $6,000,000 to the SEC Receiver and they would release and discharge Brighthouse

---

[5] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No. 1:06-cv-20975-PCH.

from liability in connection with those funds. *Attached hereto as* **Composite Exhibit 9** *is a true and correct copy of the Brighthouse Consent Letters (without exhibits) executed by Spin Capital, Cap Factor and the Trusners.*

14. Everyone except the Leer Parties and LS1019 signed their consent letters. *Attached hereto as* **Exhibit 10** *is a true and correct copy of the unexecuted Brighthouse Consent Letter (without exhibits) sent to the Leer Parties and LS1019.*

15. Due to the Leer Parties' and LS1019's refusal to sign their consent letters, Brighthouse was compelled to incur attorneys' fees for, among other things, preparing for the September 15, 2023 status conference and filing a status report. *Attached hereto as* **Exhibit 11** *is a true and correct copy of the status report filed by Brighthouse on September 14, 2023.*

16. On the morning of September 15, 2023, before the status conference, Shane Heskin informed me that LS1019 would consent to the distribution to the SEC Receiver. However, Mr. Heskin expressly stated that he was "writ[ing] on behalf of Life Shares 1019 *only*" (emphasis added); in other words, the remaining Leer Parties continued to withhold consent. *Attached hereto as* **Exhibit 12** *is a true and correct copy of LS1019's September 15, 2023 email.*

17. The SEC Receiver, the New York Receiver, counsel for Brighthouse (Emilia A. Quesada, Esq. and the undersigned) and counsel for Stefan Leer and the Leer Entities (Dustin Dyer, Esq.) attended the September 15, 2023 status conference before the Honorable Paul C. Huck, United States District Judge for the Southern District of Florida. Judge Huck, in relevant part, directed LS1019 and the Leer Parties to sign releases so Brighthouse could pay the SEC Receiver. (*See* Tr. 11:20-23.) *Attached hereto as* **Exhibit 13** *is a true and correct copy of the transcript from the September 15, 2023 remote status conference.*

18. Pursuant to a Release executed by the Defendants on or about September 22, 2023, Brighthouse disbursed $6,000,000, plus applicable interest, to the SEC Receiver on or about October 3, 2023 thereby leaving $9,000,000 of the Death Benefit remaining due (the "Remaining Death Benefit"). (Cmplt. ¶ 62.)

19. Judge Huck subsequently issued an Order on September 28, 2023 denying the SEC Receiver's motion as moot, noting "that based on the circumstances implicated by the [SEC Receiver's] Motion, including the various claimants involved in other litigation relating to the insurance proceeds, it is unlikely that the Court would have held Brighthouse in contempt of Court." *Attached hereto as* **Exhibit 14** *is a true and correct copy of the September 28, 2023 Order.*

20. On or about August 31, 2023, while Brighthouse was attempting to resolve the issues in the Florida Action, and after being informed that Brighthouse intended to commence an interpleader action, LS1019 filed a complaint against Brighthouse in California state court (the "LS1019 California Action")[6] seeking payment of the Remaining Death Benefit. (Cmplt. ¶ 62.). Even after Brighthouse filed its Complaint in Interpleader (the "Complaint") on September 28, 2023, LS1019 did not immediately dismiss its action, thus forcing Brighthouse to incur additional attorneys' fees in removing the action to federal court, filing a stipulation to extend Brighthouse's deadline to respond to the complaint, and drafting a motion to dismiss. *Attached hereto as* **Composite Exhibit 15** *is a true and correct copy of the Notice of Removal and Joint Stipulation.*

21. The Claimants continued to be unreasonably recalcitrant and uncooperative in connection with this interpleader action. On February 2, 2024, Shane Heskin informed my associate, Tiffany Millioen, that the Claimants had reached an agreement that the Remaining Death

---

[6] *Life Shares 1019, LLC v. Brighthouse Life Insurance Company*, Case No. 30-2023-01347187-CU-BC-CJC (Cal. Sup. Ct.).

Benefit should be distributed to the New York Receiver. *Attached hereto as* **Exhibit 16** *is a true and correct copy of Mr. Heskin's February 2, 2024 email.*

22. On February 9, 2024, Tiffany Millioen sent an email to the Claimants proposing, in relevant part, that Brighthouse distribute the Remaining Death Benefit to the New York Receiver, *with the standard release and discharge of liability in connection with the payment*, and the New York Receiver would subsequently return to Brighthouse the amount of attorneys' fees either agreed to by the parties or as ordered by the Court (emphasis added). *Attached hereto as* **Exhibit 17** *is a true and correct copy of the February 9, 2024 email.*

23. No Claimant objected to the proposal, including the release and discharge of liability. Accordingly, my firm prepared a draft joint motion and stipulation, which Tiffany Millioen circulated to the Claimants on February 16, 2024. *Attached hereto as* **Exhibit 18** *is a true and correct copy of Ms. Millioen's February 16, 2024 email with draft joint motion and stipulation.*

24. On February 19, 2024, Peter Levine, counsel for the Proposed Intervenors, returned a revised draft of the joint stipulation and motion with his "comments," which was actually a redlined draft that, among other things, stripped the stipulation and motion of all provisions relating to Brighthouse's release, discharge and an injunction, which are critical protections to which interpleading stakeholders are entitled. *Attached hereto as* **Exhibit 19** *is a true and correct copy of Mr. Levine's February 19, 2024 email with the redlined draft.*

25. On February 20, 2024, I emailed counsel for the Claimants and explained, in relevant part, that Brighthouse could not accept the proposed revisions because they removed critical interpleader protections to which Brighthouse is entitled. I indicated that if the Claimants would not sign a joint motion consenting to standard interpleader relief and protections (which no

one had even objected to throughout this entire litigation, except for the issue of attorneys' fees), Brighthouse would immediately ask the Court to rule on its pending deposit motion so that the funds could be deposited with the Court, and Brighthouse would subsequently file a contested motion for interpleader relief. *Attached hereto as* **Exhibit 20** *is a true and correct copy of my February 20, 2024 email.*

26. In response, Shane Heskin instructed Brighthouse, in relevant part, to "just pay the money into court … Enough is enough." *Attached hereto as* **Exhibit 21** *is a true and correct copy of Mr. Heskin's February 20, 2024 email.*

27. On February 21, 2024, in response to an email from Mark Shure, counsel for Spin Capital, indicating that the documents circulated by Tiffany Million were acceptable to Spin Capital, Shane Heskin responded that "[t]he Leer Defendants are not giving releases," with no explanation whatsoever. *Attached hereto as* **Exhibit 22** *is a true and correct copy of Mr. Heskin's February 21, 2024 email.*

28. Brighthouse is now compelled to file a contested motion seeking standard interpleader relief as well as its attorneys' fees and costs.

29. Certain Claimants have also repeatedly defied the orders of the court in the New York State Action.[7] By Decision and Order dated January 4, 2024, the court in the New York State Action granted a turnover motion filed by the New York Receiver and found, in relevant part, that "Defendant Stefan Leer willfully and contumaciously applied on behalf of Life Shares 1019, LLC for a distribution under the John Hancock Policy and directed that distribution of $1,985,267.42 in insurance proceeds be routed to a Life Shares 1019, LLC account … and has refused to turn or

---

[7] *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index Number 650582/2022.

direct that these monies be turned over to the Receiver. He is thus in civil contempt." *Attached hereto as* **Exhibit 23** *is a true and correct copy of the Decision and Order dated January 4, 2024.*

30. Due to Stefan Leer's subsequent failure to comply with the January 4, 2024 Decision and Order, the New York Receiver filed a contempt motion on January 12, 2024 and testified, in relevant part, that "[a]s of 5:00 p.m. on Friday, January 12, 2024, I have not received any of the $1,985,367.42 Hancock Distribution that this Court ordered be turned over to me by 5:00 p.m. on Friday, January 5, 2024." To date, the John Hancock funds have not been turned over to the New York Receiver and oral argument on the contempt motion is set for April 8, 2024. *Attached hereto as* **Exhibit 24** *is a true and correct copy of the January 12, 2024 contempt motion.*

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 15, 2024

/s/ Michelle J. d'Arcambal
Michelle J. d'Arcambal