# EXHIBIT "2"

| | |
|---|---|
| **From:** | Michelle Darcambal |
| **Sent:** | Monday, July 24, 2023 2:22 PM |
| **To:** | bresnick@vrslaw.net; agreely@vrslaw.net; heskins@whiteandwilliams.com; Corey, Alex; wellss@whiteandwilliams.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; steve@wellspc.com; mshure@em3law.com; dpicon@proskauer.com; mmorris@proskauer.com; wfassuliotis@proskauer.com; Laith.Hamdan@bclplaw.com; nmweissman@bclplaw.com |
| **Cc:** | 'Fred Stevens'; Catherine Douglas Kretzschmar - Akerman LLP (catherine.kretzschmar@akerman.com); ralberts@grsm.com; Tiffany Millioen; Zaineb Hamdan |
| **Subject:** | Spin Capital Litigation. Brighthouse Policy No 7447253 |

Counselors,

We represent Brighthouse Life Insurance Company ("Brighthouse") in the subject litigation. Brighthouse is also defendant in a California action brought by Michael and Dava Trusner. I am including counsel for the Trusners on this e-mail.    At issue is Brighthouse Universal Life Policy No. 7447253 (the "Policy").

As you know, the insured, John Utsick, died on June 8, 2023. The Policy's death benefit (the "Death Benefit") is due. However, as you also know, the Policy and Death Benefit are subject to the competing claims of your clients. In addition, the SEC Receiver of Worldwide Entertainment ("Worldwide Receiver") has a retained benefit with respect to the Death Benefit pursuant to the order of the U.S. District Court for the S.D.F.L.

There have been two claims to the Death Benefit that have been submitted so far. We need to ascertain and confirm that all parties with claims to the Death Benefit are identified.

Given the competing claims to the Death Benefit, Brighthouse cannot determine factually or legally to whom the funds should be paid. To that end, Brighthouse proposes that the claimants: (1) agree to release Brighthouse from any liability for its payment to the Worldwide Receiver, and (2) reach an agreement that will allow Brighthouse to disburse the remainder of the funds pending resolution of the claimants' dispute and be released of liability. One

option that has been proposed is disbursing the remainder of the funds to Fred Stevens, the receiver in the NY action, to be held pending further court order.

If agreement cannot be reached on this issue and it becomes necessary to deposit the funds with a court, Brighthouse would request consent to interpleader deposit.

I look forward to hearing from you.

Best

Michelle


Michelle d'Arcambal



d'Arcambal, Ousley & Cuyler Burk LLP
40 Fulton Street • Suite 1501
New York, NY 10038
(ph) 212-971-3175 • (fx) 212-971-3176
www.darcambal.com
mdarcambal@darcambal.com

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.