# EXHIBIT "9"



**New York City Office**
40 Fulton Street
Suite 1501
New York, NY 10038
212-971-3175 | Fax 212-971-3176

**New Jersey Office**
Parsippany Corporate Center
Four Century Drive
Parsippany, NJ 07054
973-734-3200 | Fax 973-734-3201

**Philadelphia Office**
1500 Market Street
12th Floor, East Tower
Philadelphia, PA 19102
215-665-5658 | Fax 215-569-8228

September 11, 2023

*Via email:* *laith.hamdan@bclplaw.com*
Laith J. Hamdan, Esq.
Bryan Cave Leighton Paisner LLP
1290 Avenue of the Americas
New York, NY 10104-3300

      Re:    **Brighthouse Policy No. 7447253 (Insured: John P. Utsick)**

Dear Mr. Hamdan:

This firm represents Brighthouse Life Insurance Company ("Brighthouse") in connection with the competing claims to Brighthouse life insurance policy number 7447253 (the "Policy"), which provided coverage on the life of John P. Utsick (the "Insured").

On September 8, 2023, Michael I. Goldberg (the "SEC Receiver"), as the court-appointed receiver for Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc., in connection with an action in the U.S. District Court for the Southern District of Florida,[1] filed a "Motion to Compel Turn Over and Request for Entry of an Order to Show Cause as to Why Brighthouse Should Not Be Held in Contempt of Court." *A copy of the SEC Receiver's motion is attached hereto as Exhibit A*. The motion, in relevant part, seeks entry of an order compelling Brighthouse to turn over to the SEC Receiver $6,000,000 of the Policy death benefits in the amount of $15,000,000 ("Death Benefit"). The motion also seeks entry of an Order to Show Cause as to why Brighthouse should not be held in contempt of Court for failing to abide by the U.S. District Court's April 30, 2021 Order. *A copy of the U.S. District Court's April 30, 2021 Order is attached hereto as Exhibit B*.

---

[1] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No, 1:06-cv-20975-PCH.

As you are aware, Spin Capital, Cap Factor, the Leer Entities,[2] Stefan Leer, Tatanisha Leer, Michael Trusner, Dava Trusner, the SEC Receiver and the Spin Capital Receiver[3] (collectively, the "Adverse Claimants") have asserted competing claims to the Death Benefit and have not reached an agreement as to how the Death Benefit should be distributed. As a result, Brighthouse has been unable to determine factually or legally who is entitled to the Death Benefit.

In communications with the undersigned, the Adverse Claimants have refused to unanimously agree to Brighthouse's distribution of $6,000,000 to the SEC Receiver. However, in its motion, the SEC Receiver alleges, in relevant part, that the SEC Receiver "is not aware of any pending litigation in which the [SEC Receiver's] entitlement to $6,000,000 in insurance proceeds is disputed" and the litigations involving the Adverse Claimants "in no way implicates the [SEC] Receiver or the [SEC Receiver's] undisputed entitlement to timely payment in the amount of $6,000,000." *See Ex. A at ¶ 3*.

In light of the SEC Receiver's representations in its motion, Brighthouse demands that Spin Capital either (a) reaffirm its claim to some or all of the $6,000,000 portion of the Death Benefit to which the SEC Receiver claims it is entitled and articulate the basis for Spin Capital's claim; or (b) consent to Brighthouse's distribution of the $6,000,000 of the Death Benefit to the SEC Receiver and release and discharge Brighthouse from any further liability in connection with those funds.

If Spin Capital consents to Brighthouse's distribution of the $6,000,000 to the SEC Receiver, we need you to provide written confirmation below that Spin Capital does not have an objection to the distribution and return the acknowledgment to the undersigned by no later than **4:00 p.m. ET** on **Wednesday, September 13, 2023**.

---

[2] The "Leer Entities" include Golden Foothill Insurance Services, LLC; Life Factor II LLC; Life Shares II, LLC; El Dorado Hills Insurance Solutions, Inc.; Lone Wolf Insurance Services, Inc.; ELDO Investments, LLC; The Genesis LS Fund, LLC; KTL Holdings, Inc.; DRVN Holdings, LLC; and Life Shares 1019, LLC.

[3] Fred Stevens, temporary court-appointed receiver in *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022.

If we fail to hear from you by said date and time, we will interpret your non-response to mean that Spin Capital is *not* abandoning its claim to all or a portion of the $6,000,000 to which the SEC Receiver claims it is entitled.

Sincerely,

/s/ Michelle J. d'Arcambal
Michelle J. d'Arcambal

SPIN CAPITAL, LLC

DocuSigned by:
/s/ Josh Lubin
8C1F4BC2DA904D5...
_____     Date: 9/12/2023 _____
NO OBJECTION TO DISTRIBUTION
TO SEC RECEIVER OF $6,000,000.00 PLUS
INTEREST, IF ANY

cc:   Fred Stevens, Esq. (*via email: fstevens@klestadt.com*)
      Steven W. Wells (*via email: steve@wellspc.com*)
      Mark E. Shure (*via email: mshure@em3law.com*)
      David A. Picon (*via email: dpicon@proskauer.com*)
      Matthew J. Morris (*via email: mmorris@proskauer.com*)
      William G. Fassuliotis (*via email: WFassuliotis@proskauer.com*)
      Noah M. Weissman (*via email: nmweissman@bclplaw.com*)

Encls.



September 11, 2023

*Via email:* <u>agreely@vrslaw.net</u>
Adam M. Greely, Esq.
Vogt, Resnick & Sherak, LLP
4400 MacArthur Boulevard, Ninth Floor
P.O. Box 7849
Newport Beach, CA 92658-7849

      Re:    **Brighthouse Policy No. 7447253 (Insured: John P. Utsick)**

Dear Mr. Greely:

This firm represents Brighthouse Life Insurance Company ("Brighthouse") in connection with the competing claims to Brighthouse life insurance policy number 7447253 (the "Policy"), which provided coverage on the life of John P. Utsick (the "Insured").

On September 8, 2023, Michael I. Goldberg (the "SEC Receiver"), as the court-appointed receiver for Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc., in connection with an action in the U.S. District Court for the Southern District of Florida,[1] filed a "Motion to Compel Turn Over and Request for Entry of an Order to Show Cause as to Why Brighthouse Should Not Be Held in Contempt of Court." *A copy of the SEC Receiver's motion is attached hereto as Exhibit A*. The motion, in relevant part, seeks entry of an order compelling Brighthouse to turn over to the SEC Receiver $6,000,000 of the Policy death benefits in the amount of $15,000,000 ("Death Benefit"). The motion also seeks entry of an Order to Show Cause as to why Brighthouse should not be held in contempt of Court for failing to abide by the U.S.

---

[1] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No, 1:06-cv-20975-PCH.

District Court's April 30, 2021 Order. *A copy of the U.S. District Court's April 30, 2021 Order is attached hereto as Exhibit B*.

As you are aware, Spin Capital, Cap Factor, the Leer Entities,[2] Stefan Leer, Tatanisha Leer, Michael Trusner, Dava Trusner, the SEC Receiver and the Spin Capital Receiver[3] (collectively, the "Adverse Claimants") have asserted competing claims to the Death Benefit and have not reached an agreement as to how the Death Benefit should be distributed. As a result, Brighthouse has been unable to determine factually or legally who is entitled to the Death Benefit.

In communications with the undersigned, the Adverse Claimants have refused to unanimously agree to Brighthouse's distribution of $6,000,000 to the SEC Receiver. However, in its motion, the SEC Receiver alleges, in relevant part, that the SEC Receiver "is not aware of any pending litigation in which the [SEC Receiver's] entitlement to $6,000,000 in insurance proceeds is disputed" and the litigations involving the Adverse Claimants "in no way implicates the [SEC] Receiver or the [SEC Receiver's] undisputed entitlement to timely payment in the amount of $6,000,000." *See Ex. A at ¶ 3*.

In light of the SEC Receiver's representations in its motion, Brighthouse demands that Michael Trusner and Dava Trusner (together, the "Trusners") either (a) reaffirm their claim(s) to some or all of the $6,000,000 portion of the Death Benefit to which the SEC Receiver claims it is entitled and articulate the basis for the Trusners' claim; or (b) consent to Brighthouse's distribution of the $6,000,000 of the Death Benefit to the SEC Receiver and release and discharge Brighthouse from any further liability in connection with those funds.

If the Trusners consent to Brighthouse's distribution of the $6,000,000 to the SEC Receiver, we need you to provide written confirmation below that the Trusners do

---

[2] The "Leer Entities" include Golden Foothill Insurance Services, LLC; Life Factor II LLC; Life Shares II, LLC; El Dorado Hills Insurance Solutions, Inc.; Lone Wolf Insurance Services, Inc.; ELDO Investments, LLC; The Genesis LS Fund, LLC; KTL Holdings, Inc.; DRVN Holdings, LLC; and Life Shares 1019, LLC.

[3] Fred Stevens, temporary court-appointed receiver in *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022.

not have an objection to the distribution and return the acknowledgment to the undersigned by no later than **4:00 p.m. ET** on **Wednesday, September 13, 2023**.

If we fail to hear from you by said date and time, we will interpret your non-response to mean that the Trusners are *not* abandoning their claim(s) to all or a portion of the $6,000,000 to which the SEC Receiver claims it is entitled.

Sincerely,

/s/ Michelle J. d'Arcambal
Michelle J. d'Arcambal

MICHAEL TRUSNER and
DAVA TRUSNER

_____  Date: 9/12/23
NO OBJECTION TO DISTRIBUTION
TO SEC RECEIVER OF $6,000,000.00 PLUS
INTEREST, IF ANY

cc:   Fred Stevens, Esq. (*via email: fstevens@klestadt.com*)

Encls.

www.darcambal.com



September 11, 2023

*Via email:* [jgiardino@pryorcashman.com](mailto:jgiardino@pryorcashman.com)
John Giardino, Esq.
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569

      Re:    **Brighthouse Policy No. 7447253 (Insured: John P. Utsick)**

Dear Mr. Giardino:

This firm represents Brighthouse Life Insurance Company ("Brighthouse") in connection with the competing claims to Brighthouse life insurance policy number 7447253 (the "Policy"), which provided coverage on the life of John P. Utsick (the "Insured").

On September 8, 2023, Michael I. Goldberg (the "SEC Receiver"), as the court-appointed receiver for Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc., in connection with an action in the U.S. District Court for the Southern District of Florida,[1] filed a "Motion to Compel Turn Over and Request for Entry of an Order to Show Cause as to Why Brighthouse Should Not Be Held in Contempt of Court." *A copy of the SEC Receiver's motion is attached hereto as Exhibit A*. The motion, in relevant part, seeks entry of an order compelling Brighthouse to turn over to the SEC Receiver $6,000,000 of the Policy death benefits in the amount of $15,000,000 ("Death Benefit"). The motion also seeks entry of an Order to Show Cause as to why Brighthouse should not be held in contempt of Court for failing to abide by the U.S. District Court's April 30, 2021 Order. *A copy of the U.S. District Court's April 30, 2021 Order is attached hereto as Exhibit B*.

---

[1] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No, 1:06-cv-20975-PCH.

As you are aware, Spin Capital, Cap Factor, the Leer Entities,[2] Stefan Leer, Tatanisha Leer, Michael Trusner, Dava Trusner, the SEC Receiver and the Spin Capital Receiver[3] (collectively, the "Adverse Claimants") have asserted competing claims to the Death Benefit and have not reached an agreement as to how the Death Benefit should be distributed. As a result, Brighthouse has been unable to determine factually or legally who is entitled to the Death Benefit.

In communications with the undersigned, the Adverse Claimants have refused to unanimously agree to Brighthouse's distribution of $6,000,000 to the SEC Receiver. However, in its motion, the SEC Receiver alleges, in relevant part, that the SEC Receiver "is not aware of any pending litigation in which the [SEC Receiver's] entitlement to $6,000,000 in insurance proceeds is disputed" and the litigations involving the Adverse Claimants "in no way implicates the [SEC] Receiver or the [SEC Receiver's] undisputed entitlement to timely payment in the amount of $6,000,000." *See Ex. A at ¶ 3*.

In light of the SEC Receiver's representations in its motion, Brighthouse demands that Cap Factor either (a) reaffirm its claim to some or all of the $6,000,000 portion of the Death Benefit to which the SEC Receiver claims it is entitled and articulate the basis for Cap Factor's claim; or (b) consent to Brighthouse's distribution of the $6,000,000 of the Death Benefit to the SEC Receiver and release and discharge Brighthouse from any further liability in connection with those funds.

If Cap Factor consents to Brighthouse's distribution of the $6,000,000 to the SEC Receiver, we need you to provide written confirmation below that Cap Factor does not have an objection to the distribution and return the acknowledgment to the undersigned by no later than **4:00 p.m. ET** on **Wednesday, September 13, 2023**.

---

[2] The "Leer Entities" include Golden Foothill Insurance Services, LLC; Life Factor II LLC; Life Shares II, LLC; El Dorado Hills Insurance Solutions, Inc.; Lone Wolf Insurance Services, Inc.; ELDO Investments, LLC; The Genesis LS Fund, LLC; KTL Holdings, Inc.; DRVN Holdings, LLC; and Life Shares 1019, LLC.

[3] Fred Stevens, temporary court-appointed receiver in *Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, et al.*, Index No. 650582/2022.

If we fail to hear from you by said date and time, we will interpret your non-response to mean that Cap Factor is *not* abandoning its claim to all or a portion of the $6,000,000 to which the SEC Receiver claims it is entitled.

Sincerely,

/s/ Michelle J. d'Arcambal
Michelle J. d'Arcambal

CAP FACTOR, LLC

_____        Date: 9/14/23
NO OBJECTION TO DISTRIBUTION
TO SEC RECEIVER OF $6,000,000.00 PLUS
INTEREST, IF ANY

cc:     Fred Stevens, Esq. (*via email:* fstevens@klestadt.com)
        Daniel J. Pohlman, Esq. (*via email*: dpohlman@pryorcashman.com)

Encls.