# EXHIBIT "24"

Case 1:23-cv-08570-DEH   Document 88-24   Filed 03/15/24   Page 2 of 21

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

---

SPIN CAPITAL, LLC,

*Plaintiff,*

-against-

GOLDEN FOOTHILL INSURANCE SERVICES, LLC,
*et al.*,

*Defendants.*

Index No.: 650582/2022

Hon. Andrew S. Borrok

**AFFIDAVIT OF RECEIVER FRED STEVENS IN SUPPORT OF MOTION FOR ENTRY OF AN *EX-PARTE* ORDER TO SHOW CAUSE HOLDING DEFENDANT STEFAN LEER IN CRIMINAL CONTEMPT OF THIS COURT AND SCHEDULING A HEARING TO CONSIDER RECEIVER'S REQUEST FOR THE IMPOSITION OF MONETARY CIVIL CONTEMPT SANCTIONS TO COMPENSATE THE RECEIVERSHIP ESTATE FOR ALL COSTS AND <u>INTEREST</u>**

Case 1:23-cv-08570-DEH   Document 88-24   Filed 03/15/24   Page 3 of 21

## TABLE OF EXHIBITS

| Exhibit | Description |
|:---:|:---|
| **A** | Court's January 4, 2023 Order Appointing the Receiver [Dkt. No. 245] |
| **B** | Court's January 5, 2024 Order Directing Turnover and Finding Contempt [Dkt. No. 467] |
| **C** | Letter from Dyer Law Firm to Receiver dated January 5, 2024 |
| **D** | Email Correspondence Between Parties on January 11, 2024 |
| **E** | Screenshot of Receiver's Flagstar Bank Account as of 5:00 p.m. on January 12, 2024 |

Case 1:23-cv-08570-DEH   Document 88-24   Filed 03/15/24   Page 4 of 21

STATE OF NEW YORK            )
                            )ss:
COUNTY OF NEW YORK          )

FRED STEVENS, being first duly sworn, deposes and says as follows:

1.      I was appointed temporary receiver (the "Receiver") in the above-captioned case pursuant to that certain order, dated January 4, 2023 (the "Receiver Order") [Dkt. No. 245], a copy of which is annexed hereto as Exhibit A.  I have continually served as Receiver since entry of the Receiver Order.

2.      Upon the Receiver's motion, dated September 1, 2023 (all documents filed by the Receiver in connection with such motion, the "Turnover Motion") [Dkt. Nos. 318-337; Mtn. Seq. No. 017], this Court entered a decision and order, dated January 5, 2024 (the "Stefan Leer Turnover/Contempt Order") [Dkt. No. 467], wherein it found and ordered, in relevant part, as follows:

> ORDERED that the motion to hold the Leer Defendants in civil contempt (Mtn. Seq. No. 017) is granted solely to the extent that **Defendant Stefan Leer is in civil contempt of court**; and it is further
>
> ORDERED that Defendant Stefan Leer shall be able to purge this civil contempt of court by **turning over the Hancock Distribution [$1,985,367.42] to the Receiver by 5:00 pm on January 5, 2024**; and it is further
>
> ORDERED that if he fails to cause the proceeds to be deposited with the Receiver by such time, the Receiver may email Part 53 (sfc-part53@nycourts.gov), and the Court may hold Mr. Leer in criminal contempt

(emphasis added).  A copy of the Stefan Leer Turnover/Contempt Order is annexed hereto as Exhibit B.  (Future references to the $1,985,367.42 in distribution from John Hancock referred to using this Court's term, "Hancock Distribution").

1

3.      Stefan Leer did not cause the $1,985,367.42 Hancock Distribution to be sent to the Receiver by this Court's 5:00 p.m. deadline on January 5, 2024 as established in the Stefan Leer Turnover/Contempt Order.

4.      Previously, in response to the Turnover Motion, Stefan Leer testified as follows with respect to the $1,985,367.42 Hancock Distribution:

> At this point in time, [Life Shares 1019, LLC] has obtained $1,985,367.42 as the death benefit proceeds under the Utsick-Hancock Policy, and those funds remain in full and intact in a LS 1019 controlled Account—a business account that I do not use for any personal reasons.

Affidavit of Stefan Leer, Oct. 2, 2023, ¶43 [Dkt. No. 360].

5.      Despite Stefan Leer's testimony that the $1,985,367.42 Hancock Distribution was "in full and intact", I received a letter from counsel to Life Shares 1019, LLC ("LS 1019") (but not Stefan Leer, the subject of this Court's Stefan Leer Turnover/Contempt Order) on January 5, 2024, stating as follows:

> My client, Life Shares 1019, LLC, is in the process of liquidating the funds in order to comply with the Court's January 4, 2024 order. Given the short response time, Life Shares 1019 LLC is unable to provide the requested amount by 5pm today.
>
> As stated on the phone, Life Shares 1019 LLC is able to wire $450,000.00 by Wednesday, January 10, 2024 and the balance of the $1,985,267.42 will be provided within 10 business days of this letter. As funds become liquid, they will immediately be wired to the Receiver's account.

A copy of that letter is annexed hereto as Exhibit C.

6.      I did not receive the $450,000.00 by LS 1019's (but not Stefan Leer's) self-imposed deadline of Wednesday, January 10, 2024. When I inquired, counsel to LS 1019 (but not Stefan Leer) responded on January 11, 2024 that "I was told that there was a delay but the money is being wired tomorrow." A copy of that correspondence is annexed hereto as Exhibit D.

2

Case 1:23-cv-08570-DEH    Document 88-24    Filed 03/15/24    Page 6 of 21

7.      As of 5:00 p.m. on Friday, January 12, 2024, **I have not received any of the $1,985,367.42 Hancock Distribution that this Court ordered be turned over to me by 5:00 p.m. on Friday, January 5, 2024**, and Stefan Leer has failed to meet any of the self-imposed deadlines for remittance by his corporate proxy, LS 1019.  A copy of the statement showing the balance in the Receiver's account at Flagstar Bank as of 5:00 p.m. (EST) on January 12, 2024 is annexed hereto as <u>Exhibit E</u>.

8.      By this Motion, the Receiver seeks entry of an *ex-parte* order granting the following relief:

(I)      finding and holding Stefan Leer in criminal contempt of this Court's Stefan Leer Turnover/Contempt Order for failing to turn over to the Receiver the $1,985,367.42 Hancock Distribution by the 5:00 p.m. January 5, 2024 deadline imposed by this Court;

(II)      issuing a bench warrant for the arrest of Stefan Leer or such other remedy or sanction as this Court deems appropriate pending remittance of the Hancock Distribution[1];

(III)      scheduling a hearing to consider the imposition of additional monetary civil contempt sanctions against Stefan Leer for his contempt as follows:

a.  an amount equal to the amount of interest that would have accrued on the Hancock Distribution from the date they were received by Stefan Leer or his corporate proxy, Life Shares 1019, LLC, on August 16, 2023, to the date finally received by the Receiver, consistent with N.Y. Ins. Law § 3214(c) (estimated to be not less than $75,000); and

---

[1]  The issuance of a bench warrant was suggested by this Court at the January 4, 2024 hearing on the Turnover/Contempt Motion as an appropriate remedy.

3

Case 1:23-cv-08570-DEH   Document 88-24   Filed 03/15/24   Page 7 of 21

     b.   actual costs incurred by the Receiver in the enforcement of the Receiver Order and Stefan Leer Turnover/Contempt Order (estimated to be not less than $25,000).

9.     The Receiver respectfully submits that the requested relief is warranted as set forth in the Receiver's accompanying memorandum of law, the Turnover Motion, and the Stefan Leer Turnover/Contempt Order, and respectfully requests that the Court enter the proposed order to show cause.

## I.    COMPLIANCE WITH NY CPLR § 2217

10.    No previous motion for the relief requested herein has been made to this or any other court except to the extent that the relief requested is similar to what was requested in the Turnover Motion as detailed above, which was done prior to the Court's entry of the Stefan Leer Turnover/Contempt Order.

_____

Fred Stevens

Sworn to and subscribed before me this
12th day of January, 2024

_____

Notary Public, State of New York

KATHLEEN M AIELLO
Notary Public - State of New York
NO. 02AI6210801
Qualified in New York County
My Commission Expires 8/31/2024

4

## <u>WORD COUNT CERTIFICATION</u>

As required by Section 202.8-b of the Uniform Rules for the Supreme Court and the County Court, I certify that the document filed with this certification contains 996 words excluding the parts of the document that are exempted, according to the word count function of the word processing program used to prepare the document.

Dated:     New York, New York
           January 12, 2024

                                   **FRED STEVENS, RECEIVER**


                          By:   */s/ Fred Stevens*
                                _____
                                **Fred Stevens**
                                c/o Klestadt Winters Jureller
                                    Southard & Stevens, LLP
                                200 West 41st Street, 17th Floor
                                New York, New York 10036-7203
                                Tel: (212) 679-5342
                                Fax: (212) 972-2245
                                Email: fstevens@klestadt.com

1

Plaintiff Draft 12.22.2022

At Part 53 of the Supreme Court of the State
of New York, New York County at 60 Centre
Street, New York, NY 10007 on the 9 day
of _January_ , 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------X

Spin Capital, LLC,             :   Index No. 650582/2022

              : 

         Plaintiff,    :   **[~~PROPOSED~~] ORDER**

              :   **APPOINTING A TEMPORARY**

    v.              :   **RECEIVER**

              :

Golden Foothill Insurance Services, LLC, et al.,   :

              :

         Defendants.    :

-------------------------------------------------------X

This Court having entered its Decision and Order, dated October 29, 2022 (NYSCEF Doc.

No. 229) (the "Decision") granting Plaintiff Spin Capital LLC's ("Plaintiff") motion for the

appointment of a temporary receiver pursuant to CPLR § 6401 by Order to Show Cause (the

"Receivership Motion"),[1] in support of which Plaintiff submitted the Affidavit of Avrumi Lubin,

sworn to on August 30, 2022, with attached exhibits, and a memorandum of law. For the reasons

set forth in the Decision, it is:

1.     ORDERED that Fred   Stevens, Fiduciary ID ███ with offices located at

Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York,

NY 10036, phone no. 212-972-3000 x113 (the "Receiver"), is appointed temporary receiver,

pursuant to the provisions of Article 64 of the CPLR, the terms of this Order, and with the usual

powers and directions, for the following life insurance policies (the "Insurance Policies"):

---

[1] Capitalized terms used in this Order but not defined herein shall have their meaning set forth in the memorandum of
law in support of the Receivership Motion.

| Policy No. | Insured(s) | Insurance Company |
|---|---|---|
| 177947 | Gresham, Ronald | Zurich American Life Insurance Company |
| 170604 | Kellar, Edward | Zurich American Life Insurance Company |
| 162865 | Leer, William & Rae | Zurich American Life Insurance Company |
| 167060 | Perry, Jack & Leonora | Zurich American Life Insurance Company |
| 172953 | Sisam, Dorothy | Zurich American Life Insurance Company |
| 172963 | Sisam, Edwin & Dorothy | Zurich American Life Insurance Company |
| UL00020974 | Sisco, Frances | Accordia Life and Annuity Company |
| 59592683 | Utsick, John | John Hancock Life Insurance Company |
| 7447253 | Utsick, John | Brighthouse Financial Life Insurance[2] |

and it is further

2.    ORDERED that, pursuant to Section 36.1 of Part 36 of the Rules of the Chief Judge, the Receiver shall be subject to said Part 36; and it is further

3.    ORDERED that, by accepting this appointment, the Receiver certifies that he is in compliance with Part 36, including Section 36.2 (d) ("Limitations on appointments based upon compensation"), but if he is disqualified from receiving such appointment pursuant to the provisions of Part 36, he shall notify this Court forthwith; and it is further

4.    ORDERED that, by accepting this appointment, the Receiver certifies that he is familiar with the duties and responsibilities of a receivership, and is fully capable of assuming, and prepared to assume, those duties and responsibilities, which are commensurate with his abilities; and it is further

5.    ORDERED that attorneys or support staff in the Receiver's law firm may perform tasks under the Receiver's direct supervision, but all substantive appearances and reports must be made, performed, and created by the Receiver; and it is further

---

[2]    Nothing herein shall abridge or otherwise effect the residual death benefits in Brighthouse Financial Life Insurance Policy No. 7447253 retained by Michael I. Goldberg, the Court-appointed Receiver over Worldwide Entertainment, Inc., The Entertainment Group Fund, Inc., American Enterprises, Inc., and Entertainment Funds, Inc. and as set forth in the *Order Granting Receiver's Motion for Authority to Sell Remaining Life Insurance Policies* [Dkt. No. 737] issued May 3, 2021 in the matter of the *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No. 06-CV-20975-PCH, pending before the United States District Court for the Southern District of Florida.

6.     ORDERED that, upon receipt of this order and UCS Form 872 (Notice of Appointment and Certification of Compliance), the Receiver shall complete, execute, and return the Form 872 to the Fiduciary Clerk; and it is further

7.     ORDERED that, subject to entry of a confidentiality protective order acknowledged by the Receiver, the Receiver is authorized to forthwith take possession, custody, and control of the Insurance Policies and all documents, records, and information relating or pertaining to the Insurance Policies (collectively, the "Property"); and it is further

8.     ORDERED that the Receiver is authorized to take such steps are reasonably necessary to investigate the Insurance Policies and such other insurance policies owned or transferred by Leer Defendants that may constitute Plaintiff's collateral; and it is further

9.     ORDERED that upon discovery of any other insurance policies that may constitute Plaintiff's collateral, the Receiver will provide written notice to counsel for Defendants of the policy number, insured(s) and insurance company and Defendants reserve all rights to dispute or otherwise challenge that any such policies constitute Plaintiff's collateral; and it is further

10.    ORDERED that the Receiver is authorized to communicate with all insurance companies that have issued the Insurance Policies (and such other policies, if any, constituting Plaintiff's collateral), pay premiums on and other necessary expenses relating to the Insurance Policies (and such other policies, if any, constituting Plaintiff's collateral), to commence, defend, or participate in actions and legal proceedings necessary for the protection of the Property, and to collect and receive all income, earnings, profits, refunds, distributions, and proceeds derived from the Property; and it is further

-3-

11.     ORDERED that anybody in possession of same shall turn over to the Receiver all Property (and all documents, records, and information related or pertaining to the Property); and it is further

12.     ORDERED that the Receiver shall forthwith deposit all monies received by him at the time he receives the same in his own name as the Receiver in an account at Signature Bank and such account shall show the name of this action, and the Receiver shall not be permitted to make withdrawals therefrom except as either provided for in this Order, or directed by the Court herein in a subsequent Order, such payments to be made by wire transfer from such account, ACH transfer, or check signed by the Receiver; and the Receiver shall send, on a monthly basis, a copy of the monthly statements of deposits and withdrawals for said account to counsel for all parties in this action; and it is further

13.     ORDERED that all parties (including Leer Defendants, all other parties to this litigation, and their employees, representatives, agents, and attorneys) are hereby enjoined from interfering in any way with the Receiver in the performance of his responsibilities and duties and shall cooperate with the Receiver and abide by his requests for documents, records, or information; and it is further

14.     ORDERED that all parties obligated to remit any income, earnings, profits, refunds, distributions, and proceeds to Leer Defendants on account of the Insurance Policies shall make such remittance to the Receiver; and that Leer Defendants are hereby enjoined and restrained from collecting any such income, earnings, profits, refunds, distributions, and proceeds and from selling, assigning, transferring, encumbering, amending, modifying, cancelling, terminating, or disposing of the Insurance Policies (and such other policies, if any, constituting Plaintiff's collateral); and it is further

15.     ORDERED that the Receiver is prohibited from incurring obligations in excess of the monies in his hand without further Order of this Court provided, however, that the Receiver may request, in his sole discretion, that Plaintiff compensate and make reimbursements or payments to the Receiver in accordance with Section 18 of this Order and make additional advances or disbursements to the Receiver under the Loan Documents to the Receiver or any insurance company (all such compensation, reimbursements, payments, advances and disbursements being referred to as the "Receivership Advances") in accordance with the Receiver's obligations under this order. Any such Receivership Advances made by Plaintiff (in its sole discretion) to Receiver shall constitute obligations under the Loan Documents **provided that** Defendants shall retain all rights, defenses, and remedies to contest (x) any such advances (and all other obligations allegedly owed by Leer Defendants to Plaintiff) and (y) whether such advances are collectible and/or otherwise violate applicable law (including for the reasons argued by Leer Defendants in their [reference applicable pleadings]); and it is further

16.     ORDERED that the Receiver, after paying the expenses of the management and care of the Property as above provided, retain the balance of the monies which may come into his hands until further Order of the Court; and it is further

17.     ORDERED that within twenty-four (24) hours of receiving payouts or proceeds from any Insurance Policy, the Receiver shall provide notice of such receipt to all parties who have appeared in this action, including the amount so received; and it is further

18.     ORDERED that the Receiver, or any party to this action, may at any time on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or authority necessary to enable the Receiver to properly fulfill his duties; and it is further

19.     ORDERED that, notwithstanding any other provision of this Order to the contrary, the Receiver shall not appoint an attorney, agent, appraiser, or accountant, or any other secondary appointments without prior authorization of the Court; and it is further

20.     ORDERED that, notwithstanding New York Civil Practice Law and Rules §§ 8004(a) and (b) and based upon insufficient funds to adequately compensate the Receiver for the performance of his anticipated duties and subject to Plaintiff's written agreement to compensate the Receiver as follows:

(i)     Plaintiff shall compensate the Receiver at the rate of $600.00 per hour for services rendered by him in connection with this receivership, and $450.00 per hour for tasks performed by an associate at his law firm and $225.00 per hour for tasks performed by a paralegal at his law firm, all under the Receiver's direction and supervision.

(ii)    Plaintiff shall reimburse the Receiver for all out-of-pocket expenses incurred by the Receiver; provided, however, that prior to incurring any out-of-pocket expense greater than $500, the Receiver shall obtain written consent from Plaintiff's counsel (unless the out-of-pocket expense relates to an emergency);

(iii)   Receiver shall give monthly notice to all parties of services rendered. Receiver shall: (A) notify all counsel for Plaintiff and Defendants by email every month regarding the number of hours he (and/or anyone working on his behalf at his law firm) has expended working on this matter during the previous month, (B) provide all counsel for Plaintiff and Defendants by email with an invoice reflecting detailed time entries for services rendered

-6-

by the 10th of each month for the services rendered for the previous month, and all parties shall have 10 days following receipt of the invoice to dispute any of the time entries in it or they will be deemed approved; and (C) file an application with the Court on a quarterly basis to approve his compensation for the previous quarter; and

(iv)    the total compensation to be paid to the Receiver is subject to approval of this Court.

21.    It is further ORDERED that before entering upon his duties, the Receiver shall post a bond in the amount of $50,000.

Dated:    New York, New York
January 4 , 2022 3

ENTER

_____
J.S.C.

HON. ANDREW BORROK
J.S.C.

-7-



# DYER LAW FIRM

January 5, 2024

Fred Stevens
Klestadt Winters Jureller
Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036-7203

Re: Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.

Mr. Fred Stevens:

This letter follows our telephone conversation of today. My client, Life Shares 1019, LLC, is in the process of liquidating the funds in order to comply with the Court's January 4, 2024 order. Given the short response time, Life Shares 1019 LLC is unable to provide the requested amount by 5pm today.

As I stated on the phone, Life Shares 1019 LLC is able to wire $450,000.00 by Wednesday, January 10, 2024 and the balance of the $1,985,267.42 will be provided within 10 business days of this letter. As funds become liquid, they will immediately be wired to the Receiver's account.

If you have any questions regarding this request, please contact my office and we can discuss it further. I appreciate your efforts in this litigation.

Regards

Dustin J. Dyer
Attorney for Life Shares 1019, LLC

CC: Client, Counsel for Parties to Litigation

**Fred Stevens**

| | |
|---|---|
| **From:** | Dustin Dyer <ddyer@dyerlawfirm.com> |
| **Sent:** | Thursday, January 11, 2024 2:42 PM |
| **To:** | Fred Stevens |
| **Cc:** | Zach Hardister; jason.dejonker@bclplaw.com; jarret.hitchings@bclplaw.com; laith.hamdan@bclplaw.com; mmorris@proskauer.com; wfassuliotis@proskauer.com; dpicon@proskauer.com; lsosupny@proskauer.com; tmillioen@darcambal.com; mdarcambal@darcambal.com; fstewart@darcambal.com; zhamdan@darcambal.com; coreya@whiteandwilliams.com; Teressa.Getz@faegredrinker.com; jgiardino@pryorcashman.com; jgould@carltonfields.com; dpohlman@pryorcashman.com; ecarlino@pryorcashman.com; kflynn@carltonfields.com; abein@carltonfields.com; nmweissman@bclplaw.com; will@wellspc.com; julie@wellspc.com; steve@wellspc.com; mshure@em3law.com; isolares@carltonfields.com; wellss@whiteandwilliams.com; heskins@whiteandwilliams.com; jmetzinger@kelleydrye.com; chickey@kelleydrye.com; Andrew Brown; Kristen Strine; Tyler Warner |
| **Subject:** | Re: Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al. |

Mr. Stevens

I was told that there was a delay but the money is being wired tomorrow. I can be available after the federal status conference today to discuss the matter if necessary. Thanks.

On Thu, Jan 11, 2024 at 8:14 AM Fred Stevens <FStevens@klestadt.com> wrote:

> Dustin –
>
>
> I have not received the $450,000 that was supposed to be received yesterday per your correspondence.  Can you please inform me of the status?
>
>
> Thank you,
>
> Fred
>
>
>
> **Fred Stevens**
>
> **Klestadt Winters Jureller**
>
> **Southard & Stevens, LLP**
>
> 200 West 41st Street, 17th Floor
>
> New York, New York 10036-7203

Direct: (212) 679-5342

Tel: (212) 972-3000

Fax: (212) 972-2245

Cell: (917) 664-5507

Email: fstevens@klestadt.com

---

**From:** Zach Hardister <zhardister@dyerlawfirm.com>
**Sent:** Friday, January 5, 2024 1:05 PM
**To:** Fred Stevens <FStevens@Klestadt.com>
**Cc:** jason.dejonker@bclplaw.com; jarret.hitchings@bclplaw.com; laith.hamdan@bclplaw.com; mmorris@proskauer.com; wfassuliotis@proskauer.com; dpicon@proskauer.com; lsosupny@proskauer.com; tmillioen@darcambal.com; mdarcambal@darcambal.com; fstewart@darcambal.com; zhamdan@darcambal.com; coreya@whiteandwilliams.com; Teressa.Getz@faegredrinker.com; jgiardino@pryorcashman.com; jgould@carltonfields.com; dpohlman@pryorcashman.com; ecarlino@pryorcashman.com; kflynn@carltonfields.com; abein@carltonfields.com; nmweissman@bclplaw.com; will@wellspc.com; julie@wellspc.com; steve@wellspc.com; mshure@em3law.com; isolares@carltonfields.com; wellss@whiteandwilliams.com; heskins@whiteandwilliams.com; jmetzinger@kelleydrye.com; chickey@kelleydrye.com; Andrew Brown <ABrown@Klestadt.com>; Kristen Strine <KStrine@Klestadt.com>; Dustin Dyer <ddyer@dyerlawfirm.com>; Tyler Warner <twarner@dyerlawfirm.com>
**Subject:** Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.

Counsel,

Please see the attached document.

Kind Regards,
--

**Zachary Z. Hardister**
Attorney at Law
DYER LAW FIRM

---

zhardister@dyerlawfirm.com
209-472-3668
209-472-3675
5250 Claremont Avenue STE 119
Stockton CA 95207

---



[dyerlawfirm.com](dyerlawfirm.com)

The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.

--

**Dustin Dyer**
Esq. J.D.
Attorney at Law
Dyer Law Firm

ddyer@dyerlawfirm.com
209-472-3668
209-472-3675
5250 Claremont Ave.
Stockton, CA 95207
dyerlawfirm.com



The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.

1/12/24, 5:48 PM    Case 1:23-cv-08570-DEH    Document 86-5    Filed 01/18/24    Page 21 of 21
                    Deposit Accounts Balances Summary



COMMERCIAL &
PRIVATE BANKING

# Deposit Accounts Balances Summary

Report Created:          01/12/2024 05:47:44 PM (ET)

Account:                 LIFE SHARES II LLC - Checking - 026013576 - *0402

Date Range:              01/12/2024

| As of Date | Account Number/Description | Closing Ledger Balance | Cash Available Balance | Opening Ledger Balance | Current Balance | Avg Closing Available Mtd | Total Float Amount |
|---|---|---|---|---|---|---|---|
| **Checking Accounts** | | | | | | | |
| 01/12/2024 05:47 PM (ET) | *0402 LIFE SHARES II LLC | | $760.03 | | $760.03 | | |