UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

       Plaintiff,

   v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

       Defendants.
-----------------------------------------------------------X

Case No.:
1:23-cv-08570-DEH

**ATTORNEY DECLARATION IN SUPPORT OF
BRIGHTHOUSE LIFE INSURANCE COMPANY'S
MOTION FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN
<u>INTERPLEADER, INCLUDING ATTORNEYS' FEES</u>**

    TIFFANY C. MILLIOEN, an attorney duly licensed to practice law in the State of New York and in the Southern District of New York, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am associated with the law firm of d'Arcambal Ousley & Cuyler Burk LLP ("DOCB"), national counsel for Plaintiff, Brighthouse Life Insurance Company ("Brighthouse").

2. I make this declaration on the basis of personal knowledge of the matters set forth herein, and I am competent to testify to the same.

3. I am familiar with the file in this litigation and the pleadings and other papers filed in connection thereof. This declaration is submitted in support of Brighthouse's Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Motion") and pursuant to the Court's Memo Order dated February 12, 2024. (ECF Doc. 76.)

4. The law firm of Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP was engaged to act as local counsel for Brighthouse in the Florida Action.[1]

5. The law firm of Gordon Rees Scully Mansukhani, LLP was engaged to act as local counsel for Brighthouse in the LS1019 California Action.[2]

6. I am familiar with the timekeeping records kept and maintained by DOCB attorneys and paralegals with respect to the time expended and tasks performed by the DOCB attorneys and paralegals on the firm's client matters. DOCB keeps these timekeeping records in the course of a regularly conducted business activity, and it is the regular practice of this law firm to keep such business records. All such records are made at or near the time of the act or events described in them, by or from information transmitted by a person with knowledge.

7. I follow DOCB's timekeeping procedures, which require attorneys and paralegals to record their time on a daily basis. I personally enter my time into a computerized time-keeping program, which keeps track of my time entries. I enter my time during the day as I perform tasks for each client matter on which I work that day. At the end of the month, an invoice is generated

---

[1] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No. 1:06-cv-20975-PCH (S.D. Fla.), as defined in the Motion.
[2] *Life Shares 1019, LLC v. Brighthouse Life Insurance Company*, Case No. 30-2023-01347187-CU-BC-CJC (Cal. Sup. Ct.), as defined in the Motion.

by DOCB's accountant. These invoices are reviewed by the billing partners, and once they have been verified for accuracy and completeness, the invoices are then sent to the client for payment.

8. I am familiar with the timekeeping records kept and maintained by DOCB with respect to the time expended and tasks performed by the DOCB attorneys and paralegals in this case. During the time I have been representing Brighthouse in this matter, all of my own timekeeping records were kept and maintained in accordance with the above described process, as were the time records of all other attorneys and/or paralegals who worked on this matter. I have personally reviewed all of the time records relating to Brighthouse's representation throughout this litigation.

9. In connection with the present motion, Brighthouse seeks reimbursement for fees and costs in the amount of $211,851.14, representing legal fees and costs incurred by Brighthouse to pursue its rights and remedies as a neutral stakeholder from on or about July 6, 2023 through on or about March 14, 2024.

10. Of the foregoing total fees sought by Brighthouse, approximately $25,560.00 was incurred for legal services DOCB provided to Brighthouse in connection with the Florida Action, during the course of which Brighthouse was compelled to defend itself against a motion for contempt brought in the Florida Action by Receiver Michael I. Goldberg (the "SEC Receiver") as a direct result of some claimants' unreasonable stance in withholding consent to Brighthouse's payment to the SEC Receiver. After the contempt motion was filed, Brighthouse was compelled to appear in the Florida Action, file multiple status reports, communicate with the Court and attend a conference with the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida.

11. Of the foregoing total fees sought by Brighthouse, approximately $4,896.00 was incurred for legal services DOCB provided to Brighthouse in connection with the LS1019 California Action, because, even after Brighthouse commenced the instant interpleader action, LS1019 did not immediately dismiss its action, thus forcing Brighthouse to incur additional attorneys' fees in removing the action to federal court, filing a stipulation to extend Brighthouse's deadline to respond to the complaint, and drafting a motion to dismiss. Brighthouse was compelled to incur fees litigating the LS1019 California Action until LS1019 finally agreed to dismiss it.

12. The balance of total fees sought by Brighthouse were incurred by the other referenced law firms engaged by either Brighthouse directly or by DOCB to act as its local counsel in the specified jurisdiction(s). Submitted contemporaneously herewith are declarations from attorneys from those law firms attesting to their fees incurred representing Brighthouse in connection with the legal issues and actions addressed in the pending motion.

13. I submit the attached itemization of DOCB's fees to assist the Court in determining appropriate or reasonable fees and costs in light of the amount of the interpleader fund and of the legal services required. Time entries unrelated to Brighthouse's pursuit of its rights and remedies as a neutral stakeholder have been redacted in their entirety.

14. I also certify that Brighthouse's costs incurred in this matter by DOCB, including Court filing fees, amount to $1,737.98. These figures are reflected on the attached invoices.

15. The charges for the attorneys and paralegals appearing in the itemization are hourly rates negotiated with this client. In certain instances in this matter, time actually incurred has been reduced by me or a partner as believed appropriate in relation to the amount in controversy and complexity of the particular service performed.

16. The records attached to this declaration and to the supporting declarations of Emilia A. Quesada, Esq. and Ronald K. Alberts, Esq. have been redacted for privilege. Upon the Court's request, unredacted copies will be provided to the Court for *in camera* review.

17. I respectfully reserve the right to supplement this declaration with additional fees incurred in connection with Brighthouse's pursuit of its rights and remedies as a neutral stakeholder, including fees incurred in connection with the Motion, responses to same, and otherwise in connection with Brighthouse's entitlement to interpleader relief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2024
       New York, NY

                                        */s/Tiffany C. Millioen*
                                        Tiffany C. Millioen