UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRIGHTHOUSE LIFE INSURANCE COMPANY,

      Plaintiff,

  v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

      Defendants.
----------------------------------------------------------X

Case No.:
1:23-cv-08570-DEH

## ATTORNEY DECLARATION IN SUPPORT OF BRIGHTHOUSE LIFE INSURANCE COMPANY'S MOTION FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN <u>INTERPLEADER, INCLUDING ATTORNEYS' FEES</u>

    EMILIA A. QUESADA, an attorney duly licensed to practice law in the State of Florida, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I make this declaration on the basis of personal knowledge of the matters set forth herein, and I am competent to testify to the same.

2. I am an attorney and partner at the law firm of Sanchez-Medina, Gonzalez, Quesada, Lage, Gomez & Machado, LLP ("SMGQ"), Florida counsel for Plaintiff, Brighthouse Life Insurance Company ("Brighthouse").

3. I am familiar with the file in the above case and the pleadings and other papers filed herein. This declaration is submitted in support of Brighthouse's Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Motion") and pursuant to the Court's Memo Order dated February 12, 2024. (ECF Doc. 76.)

4. On behalf of Brighthouse, Brighthouse's national counsel, d'Arcambal Ousley & Cuyler Burk, LLP, engaged the undersigned to act as local counsel for Brighthouse in the Florida Action.[1]

5. I am familiar with the timekeeping records kept and maintained by SMGQ attorneys and paralegals with respect to the time expended and tasks performed by the SMGQ attorneys and paralegals on the firm's client matters. SMGQ keeps these timekeeping records in the course of a regularly conducted business activity, and it is the regular practice of this law firm to keep such business records. All such records are made at or near the time of the act or events described in them, by or from information transmitted by a person with knowledge.

6. I follow SMGQ's timekeeping procedures, which includes entering time into a computerized time-keeping program which keeps track of all time entries. Time is entered as tasks are performed for each client matter on which I work. At the end of the month, an invoice is generated by SMGQ which is reviewed by the billing partner in charge of the matter. Once verified for accuracy and completeness, the invoices are then sent to the client for payment.

---

[1] *Securities and Exchange Commission v. John P. Utsick, et al.*, Case No. 1:06-cv-20975-PCH (S.D. Fla.), as defined in the Motion.

7. I am familiar with the timekeeping records kept and maintained by SMGQ with respect to the time expended and tasks performed by the SMGQ attorneys and paralegals in this case. During the time I have been representing Brighthouse in this matter, all of my own timekeeping records were kept and maintained in accordance with the above described process, as were the time records of all other attorneys and paralegals who worked on this matter. I have personally reviewed all of the time records relating to Brighthouse's representation by SMGQ throughout this litigation.

8. Brighthouse has incurred legal fees in connection with pursuing its rights and remedies as a neutral stakeholder.

9. Specifically, Brighthouse was compelled to defend itself against a motion for contempt brought by in the Florida Action by Receiver Michael I. Goldberg (the "SEC Receiver") as a direct result of some claimants' unreasonable stance in withholding consent to Brighthouse's payment to the SEC Receiver.

10. After the contempt motion was filed, Brighthouse was compelled to appear in the Florida Action, file multiple status reports, communicated with the Court and attend a conference with the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida.

11. I certify that the fees and costs for the legal services SMGQ provided to Brighthouse in connection with the foregoing, from in or around September 2023 through in or around October 2023 amounted to $44,932.96.

12. I submit the attached itemization of SMGQ fees to assist the Court in determining appropriate or reasonable fees and costs in light of the amount of the interpleader fund and of the legal services required, together with the declaration of Tiffany C. Millioen, Esq., Brighthouse's

3

national counsel in this matter, and itemization of her fees and the Company's incurred in this action.

13. In certain instances in this matter, time actually incurred may have been reduced by me as believed appropriate in relation to the amount in controversy and complexity of the particular service performed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2024

/s/ Emilia A. Quesada
Emilia A. Quesada, Esq.
Florida Bar No. 092045
SMGQ Law
201 Alhambra Circle, Suite 1205
Coral Gables, FL 33134