UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRIGHTHOUSE LIFE INSURANCE COMPANY,

        Plaintiff,

                                           Case No.:

      v.                                1:23-cv-08570-DEH

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

        Defendants.
-----------------------------------------------------------X

## ATTORNEY DECLARATION IN SUPPORT OF
## BRIGHTHOUSE LIFE INSURANCE COMPANY'S
## MOTION FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN
## <u>INTERPLEADER, INCLUDING ATTORNEYS' FEES</u>

      RONALD K. ALBERTS, an attorney duly licensed to practice law in the State of

California, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

      1.      I make this declaration on the basis of personal knowledge of the matters set forth

herein, and I am competent to testify to the same.

2.      I am an attorney at the law firm of Gordon Rees Scully Mansukhani, LLP ("Gordon Rees"), California counsel for Plaintiff, Brighthouse Life Insurance Company ("Brighthouse").

3.      I am familiar with the file in the above case and the pleadings and other papers filed herein. This declaration is submitted in support of Brighthouse's Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Motion") and pursuant to the Court's Memo Order dated February 12, 2024. (ECF Doc. 76.)

4.      On behalf of Brighthouse, Brighthouse's national counsel, d'Arcambal Ousley & Cuyler Burk, LLP, engaged the undersigned to act as local counsel for Brighthouse in the LS1019 California Action.[1]

5.      I am familiar with the timekeeping records kept and maintained by Gordon Rees attorneys and paralegals with respect to the time expended and tasks performed by the Gordon Rees attorneys and paralegals on the firm's client matters. Gordon Rees keeps these timekeeping records in the course of a regularly conducted business activity, and it is the regular practice of this law firm to keep such business records. All such records are made at or near the time of the act or events described in them, by or from information transmitted by a person with knowledge.

6.      I follow Gordon Rees's timekeeping procedures, which require attorneys and paralegals to record their time on a daily basis. I personally enter my time into a computerized time-keeping program, which keeps track of my time entries. I enter my time during the day as I perform tasks for each client matter on which I work that day. At the end of the month, an invoice is generated by Gordon Rees's accountant. These invoices are reviewed by the billing partners,

---

[1] *Life Shares 1019, LLC v. Brighthouse Life Insurance Company*, Case No. 30-2023-01347187-CU-BC-CJC (Cal. Sup. Ct.), as defined in the Motion.

2

and once they have been verified for accuracy and completeness, the invoices are then sent to the client for payment.

7.      I am familiar with the timekeeping records kept and maintained by Gordon Rees with respect to the time expended and tasks performed by the Gordon Rees attorneys and paralegals in this case. During the time I have been representing Brighthouse in this matter, all of my own timekeeping records were kept and maintained in accordance with the above described process, as were the time records of all other attorneys and paralegals who worked on this matter. I have personally reviewed all of the time records relating to Brighthouse's representation by Gordon Rees throughout this litigation.

8.      Brighthouse has incurred legal fees in connection with pursuing its rights and remedies as a neutral stakeholder.

9.      Specifically, even after Brighthouse filed its Complaint in Interpleader (ECF Doc. 1.), Life Shares 1019, LLC ("LS1019") did not immediately dismiss its action, thus forcing Brighthouse to incur additional attorneys' fees in removing the action to federal court, filing a stipulation to extend Brighthouse's deadline to respond to the complaint, and drafting a motion to dismiss.

10.     I certify that the fees and costs for the legal services Gordon Rees has provided to Brighthouse during the course of the LS1019 California Action, from in or around September 2023 through in or around November 2023, amounted to $14,487.20.

11.     I submit the attached itemization of Gordon Rees fees to assist the Court in determining appropriate or reasonable fees and costs in light of the amount of the interpleader fund and of the legal services required, together with the declaration of Tiffany C. Millioen, Esq.,

Brighthouse's national counsel in this matter, and itemization of her fees and the Company's incurred in this action.

12.     In certain instances in this matter, time actually incurred may have been reduced by me as believed appropriate in relation to the amount in controversy and complexity of the particular service performed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 15, 2024
       New York, NY

_____
Ronald K. Alberts