UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

       Plaintiff,                                          Case No. 1:23-cv-08570-DEH

       v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS COURT-APPOINTED
TEMPORARY RECEIVER,

       Defendants.
------------------------------------------------------------X

### [PROPOSED] ORDER FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN INTERPLEADER, INCLUDING ATTORNEYS' FEES

Upon Plaintiff Brighthouse Life Insurance Company's ("Brighthouse") Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees, and the Court having considered the application, and for good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

(1)      Brighthouse's Motion is **GRANTED**;

(2) Brighthouse shall be, and hereby is, discharged of all liability to Defendants[1] Spin Capital, LLC, the Leer Parties,[2] Life Shares 1019, LLC, Cap Factor, LLC and Fred Stevens, as Court-Appointed Temporary Receiver,[3] and the Proposed Intervenors[4] (the Proposed Intervenors and the Defendants together, the "Claimants") relating in any way to life insurance policy number 7447253 (the "Policy"), which was issued to John P. Utsick (the "Insured") by a company now known as Brighthouse, and the remaining life insurance proceeds due[5] as a result of the death of the Insured, plus applicable interest, which funds have been placed on deposit with the registry of the Court (the "Interpleader Funds");

(3) All claims, rights, interests and actions that the Claimants might otherwise have held against Brighthouse and its present and former agents, parents, subsidiaries and affiliated corporations, third party administrators, predecessors, successors and assigns and their respective

---

[1] Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), on October 26, 2023 Defendants Michael Trusner and Dava Trusner (the "Trusners") were voluntarily dismissed as parties in this action. (ECF Doc. 27.)

[2] The "Leer Parties" include Defendants Stefan Leer, Tatanisha Leer, and various entities of which Stefan Leer is a principal: Golden Foothill Insurance Services, LLC; Life Factor II LLC; Life Shares II, LLC; El Dorado Hills Insurance Solutions, Inc.; Lone Wolf Insurance Services, Inc.; ELDO Investments, LLC; The Genesis LS Fund, LLC; KTL Holdings, Inc.; and DRVN Holdings, LLC.

[3] Fred Stevens was appointed temporary receiver in the action captioned *Spin Capital, LLC, v. Golden Foothill Insurance Services, LLC, et al.*, Index No 650582/2022, currently pending before the Supreme Court of the State of New York, County of New York: Commercial Division. (NYSCEF Doc. No. 245).

[4] The Proposed Intervenors consist of members of the LS1019 investor group, including Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, The Charissa & Toney Trust, The Charissa Toney Living Trust, Matthew Troy and American River Ag, Inc.

[5] As a result of the death of the Insured, Policy death benefits in the amount of $15,000,000 (the "Death Benefit") became due. Prior to the commencement of this Interpleader action, Brighthouse issued payment in the amount of $6,000,000, plus applicable interest, to Receiver Michael I. Goldberg (the "SEC Receiver") pursuant to a Release executed by the Defendants on or about September 22, 2023 in satisfaction of the SEC Receiver's claim to the Death Benefit, thereby leaving $9,000,000 of the Death Benefit remaining due (the "Remaining Death Benefit").

officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to or arising out of, or in connection with or relating to the Policy, Death Benefit, Remaining Death Benefit and/or Interpleader Funds, shall be and hereby are released;

(4) The Claimants are hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Brighthouse, with respect to or arising out of or in connection with or relating to the Policy, Death Benefit, Remaining Death Benefit and/or Interpleader Funds;

(5) Each of the Claimants does therefore release, remise, and forever disclaim all claims, rights, interests and actions that such Claimant might otherwise have held against Brighthouse and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Policy, Death Benefit, Remaining Death Benefit and/or Interpleader Funds;

(6) Brighthouse shall be awarded its attorneys' fees and costs incurred in connection with the pursuit of its rights and remedies as a neutral stakeholder in the amount of $211,851.14, to be distributed to Brighthouse's counsel of record from the Interpleader Funds;

(7) Sanctions shall be imposed upon the Claimants in the amount of $337,315.07, or in an amount determined to be reasonable and appropriate by the Court; and

(8) Brighthouse shall be, and hereby is, dismissed from this action with prejudice, and any and all claims asserted against Brighthouse, or that could have been asserted, are hereby dismissed, without further fees or costs to any party.

This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b),

there being no just reason for delay.

      IT IS SO ORDERED this \_\_\_\_ day of _____, 2024.


_____
United States District Judge