UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

          Plaintiff,

v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

          Defendants.
------------------------------------X

Case No.:
1:23-cv-08570-DEH

## ATTORNEY DECLARATION OF DUSTIN J. DYER IN OPPOSITION OF PLAINTIFF'S MOTION FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN INTERPLEADER, INCLUDING ATTORNEYS' FEES

DUSTIN J. DYER, an attorney duly licensed to practice law in the State of California, declares under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I make this declaration on the basis of personal knowledge of the matters set forth herein, and I am competent to the same.

2. I am an attorney and partner at the Dyer Law Firm, counsel for Defendant Life Shares

1

1019.

3. I am familiar with the file in the above case and the pleadings and other papers filed herein. This declaration is submitted in opposition to Brighthouse's Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Motion").

4. On or about July 14, 2022, Spin Capital filed an Amended Complaint adding DRVN Holding, LLC and LS 1019 as defendants. No summons was issued for either DRVN Holding, LLC or LS 1019. No service of process was done for either DRVN Holding, LLC or LS 1019.

5. Mr. Utsick passed away on June 8, 2023. As a result of the death of the Insured, the Policy death benefits in the amount of $15,000,000 (the "Death Benefit(s)") became due to the identified beneficiaries: LS 1019 and the SEC Receiver.

6. On or about June 28, 2023, Stefan Leer, on behalf of LS1019, asserted a claim for the Death Benefit. Leer, who is not an attorney, had the understanding that he was to assert the claim for all beneficiaries, and that Brighthouse would divide the Death Benefit to the beneficiaries pursuant to their identified percentage interest. At the time the claim was asserted, LS 1019 and The SEC Receiver were working to acknowledge the change in beneficiary interest given the parties agreement as identified. Attached as Exhibit 1 to this Declaration is a true and correct copy of a June 9, 2023 email I sent to the SEC Receiver's counsel.

7. On or about August 31, 2023, given the New York State Action's lack of jurisdiction over LS 1019, and Brighthouse's refusal to pay the Death Benefit, LS 1019 commenced an action in California Superior Court of Orange County against Brighthouse (the "California Action"). Attached as Exhibit 2 to this Declaration is a true and correct copy of the California Action Complaint.

8. This action was filed by me as LS 1019's California and Corporate counsel.

9. On or about September 1, 2023, in connection with the New York State Action, the New York Receiver filed a motion for an Order to Show Cause. On or about October 2, 2023, the Leer Defendants filed an opposition to the Receiver's motion for an Order to Show Cause. Attached as

Exhibit 3 to this Declaration is a true and correct copy of the Leer Defendants' Memorandum of Law in Opposition to Receiver's Motion for Turn Over of Assets, Documents and Sanctions. In the opposition, the Leer Defendants, among other arguments, identified that due to Plaintiff's failures in the New York State Action, the New York Court lacked jurisdiction over LS 1019. The Leer Defendants provided the New York State Court with the above stated legal authority supporting the lack of jurisdiction.

10.  By Decision and Order dated January 4, 2024, the Court in the New York State Action, granted the New York Receiver's motion. Attached as Exhibit 4 to this Declaration is a true and correct copy of the New York Court's Order Granting Receiver's Motion. The New York Court essentially ignored the separation of Stefan Leer as an individual and Stefan Leer as an agent of LS 1019, ordering Stefan Leer to cause LS 1019 to comply with the Receivership Order despite no jurisdiction over LS 1019.

11.  Given the order, Leer and the New York Receiver are actively working together to resolve this issue and provide complete payment of the $1,985,367.42 to the New York Receiver.

12.  On or about September 8, 2023, the SEC Receiver filed a Motion to Compel Turn Over and to Hold Brighthouse in Contempt. Attached as Exhibit 5 to this Declaration is a true and correct copy of the SEC Receiver's Motion to Compel Turn Over and Request for Entry of an Order to Show Cause as to Why Brighthouse Should Not be Held in Contempt of Court.

13.  The court in the Florida Action set a status conference for September 15, 2023. Attached as Exhibit 6 to this Declaration is a true and correct copy of the complete transcript of the September 15, 2023 status conference in Florida.

14.  Once I became aware of the current action, the parties in the California Action agreed that dismissal of the California Action was prudent. On November 1, 2023, I sent an email to Brighthouse's California counsel stating "Ronald, This confirms our conversation just now on the Life

3

Shares 1019 LLC v. Brighthouse Life Insurance Co. et al litigation. (US Central District of California Case No. 8:23-cv-01846-KES) We have agreed that Plaintiff will be dismissing the entire action without prejudice and all parties will bear their own costs and fees." Attached as Exhibit 7 to this Declaration is a true and correct copy of my November 1, 2023 email.

15. LS 1019 filed the dismissal the next day, November 2, 2023. Attached as Exhibit 8 to this Declaration is a true and correct copy of the California Litigation dismissal.

16. On January 17, 2024, five days after the parties agreed to pause the accumulation of interest, Brighthouse sought over $155,000.00 in attorneys fees and costs. A true and correct copy of Tiffany Millioen's email is attached to this Declaration as Exhibit 9.

17. Immediately, upon hearing of Utsick's death, LS 1019 attempted to resolve any possible issues with the SEC Receiver to ensure the distribution of both the Brighthouse Death Benefit and Joh Hancock Death Benefit could be distributed without any issues. A true and correct copy of my email to SEC Receiver's counsel on June 9, 2023 is attached to this Declaration as Exhibit 10.

18. Furthermore, on June 14, 2023, LS 1019 notified Brighthouse and other interested parties that the Trusner litigation in Orange County Superior Court (CA) was settled and final payment was being made. A true and correct copy of my email on June 14, 20234 is attached to this Declaration as Exhibit 11.

19. On September 14, 2023, Brighthouse filed a Status Report in the Florida Action. A true and correct copy of the Brighthouse Status Report is attached to this Declaration as Exhibit 12.

20. In the California litigation, on October 5, 2024, Brighthouse sought a joint stipulation to extend Brighthouse's time to respond to the California complaint. A true and correct copy of the Brighthouse's October 5, 2023 email is attached to this Declaration as Exhibit 13.

21. I wrote back the next day approving the joint stipulation for filing. A true and correct copy of my October 6, 2023 email is attached to this Declaration as Exhibit 14.

4

22.     On November 1, 2023, Brighthouse attorney and I agreed to dismiss the litigation in exchange for a waiver of attorneys' fees and costs. I sent a confirming email memorializing the conversation A true and correct copy of my November 1, 2023 email is attached to this Declaration as Exhibit 15.

23.     On November 2, 2023, the California Action was dismissed. A true and correct copy of the dismissal in the California Action is attached to this Declaration as Exhibit 16.

24.     On or about October 10, 2023, New York Receiver, Fred Stevens, sent the parties to the New York Action his billings through October 20, 2023. A true and correct copy of Mr. Stevens' letter and accompanying billings are attached to this declaration as Exhibit 17.

I declare under penalty of perjury that the foregoing is true and correct. Signed on March 29, 2024 in Stockton, California.

Dated: March 29, 2024

/s/ Dustin J. Dyer
Dustin J. Dyer, Esq.
California Bar No. 274308
Dyer Law Firm
5250 Claremont Ave. Ste. 119
Stockton, CA 95207