UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIGHTHOUSE LIFE INSURANCE COMPANY,

                      Plaintiff,                23-cv-8570-DEH

      -against-                DECLARATION OF
                                  PETER M. LEVINE

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS COURT-APPOINTED
TEMPORARY RECEIVER,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        PETER M. LEVINE declares under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

        1.     I am a member of the Bar of this Court and am counsel for the proposed intervenors Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, The Charissa & Toney Trust, The Charissa Toney Living Trust, Matthew Troy, and American River Ag, Inc. (the "1019 Investor Group"). I have personal knowledge of the facts contained in this Declaration, which I make in opposition to the motion by plaintiff Brighthouse Life Insurance Company for the imposition of sanctions under this Court's inherent powers. There is not a shred of evidence justifying such relief against either my clients or me.

      2.      Brighthouse seeks sanctions in the amount of $337,315.07, representing the amount of interest accrued on the death benefit remaining on the life insurance policy at issue from July 24, 2023 (when Brighthouse allegedly proposed a resolution of the dispute) to January 11, 2024 (when interest stopped accruing on the policy) . Pl. Mem. 24-25. Neither my clients nor I could have possibly been responsible for such damages. No member of the 1019 Investor Group has ever been a party in this case, and I did not enter my appearance until January 22, 2024 – 11 days after interest stopped accruing.

      3.      Brighthouse attributes no allegedly sanctionable conduct to either the 1019 Investor Group or to me other than my providing comments on a draft of a proposed stipulation on February 19, 2024. Pl. Mem. 11; D'Arcambal Decl., Ex. 19. In Brighthouse's estimation, the comments displayed an "uncooperative" attitude. Pl. Mem. 24. Such umbrage does not come close to meeting the exacting standard for the imposition of sanctions under this Court's inherent powers.

      4.      The court has inherent power to sanction parties and their attorneys, a power born of the practical necessity that courts be able "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). This power may be exercised when the party or the attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)). An award of sanctions under the court's inherent power requires "clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes." *Id.* (cleaned up). A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings. *Wolters Kluwer Fin. Servs.,*

*Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 45. Inherent power is constrained: it requires "caution" and notice before use; and it is a last resort for when an express authority is not "up to the task." *In re Gravel*, 6 F.4th 503, 516 (2d Cir. 2021) (quoting *Chambers*, 501 U.S. at 50).

      5.    Brighthouse's cavalier invocation of this Court's inherent powers should be rejected. The motion for the imposition of sanctions, to the extent directed against the 1019 Investor Group or me, should be denied.

      I declare the foregoing is true and correct.

Executed at New York, New York, March 29, 2024.

_____
PETER M. LEVINE

-3-