UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRIGHTHOUSE LIFE INSURANCE COMPANY,

       Plaintiff,

  v.

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS
COURT-APPOINTED TEMPORARY RECEIVER,

       Defendants.

------------------------------------------------------------X

Case No.:
1:23-cv-08570-DEH

## [PROPOSED] ORDER FOR DEFAULT JUDGMENT

Upon Plaintiff Brighthouse Life Insurance Company's ("Brighthouse") Motion for Default Judgment Against Defendant Cap Factor, LLC ("Cap Factor"), and the Court having considered the application, and for good cause having been shown;

**IT IS HEREBY ORDERED THAT:**

(1)    Brighthouse's Motion is **GRANTED** and a Judgment of Default is entered against Cap Factor as to the relief requested by Brighthouse in its Complaint in Interpleader (ECF Doc. 1);

(2)    Brighthouse shall be, and hereby is, discharged of all liability to Cap Factor relating in any way to life insurance policy number 7447253 (the "Policy"), which was issued to John P. Utsick (the "Insured") by a company now known as Brighthouse, and the remaining life insurance proceeds due[1] as a result of the death of the Insured, plus applicable interest, which funds have been placed on deposit with the registry of the Court (the "Interpleader Funds");

(3)    All claims, rights, interests and actions that Cap Factor might otherwise have held against Brighthouse and its present and former agents, parents, subsidiaries and affiliated corporations, third party administrators, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to or arising out of, or in connection with or relating to the Policy, Death Benefit, Remaining Death Benefit and/or Interpleader Funds, shall be and hereby are released; and

(4)    Cap Factor is hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Brighthouse, with respect to or arising out of or in connection with or relating to the Policy, Death Benefit, Remaining Death Benefit and/or Interpleader Funds.

---

[1] As a result of the death of the Insured, Policy death benefits in the amount of $15,000,000 (the "Death Benefit") became due. Prior to the commencement of this Interpleader action, Brighthouse issued payment in the amount of $6,000,000, plus applicable interest, to Receiver Michael I. Goldberg (the "SEC Receiver") pursuant to a Release executed by the Defendants on or about September 22, 2023 in satisfaction of the SEC Receiver's claim to the Death Benefit, thereby leaving $9,000,000 of the Death Benefit remaining due (the "Remaining Death Benefit").

This ORDER shall be deemed a final judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

IT IS SO ORDERED this __18__ day of __March__, 2025.

_____
Dale E. Ho
United States District Judge
New York, New York