**PETER M. LEVINE**
ATTORNEY AT LAW
444 MADISON AVENUE
SUITE 410
NEW YORK, NEW YORK 10022

TELEPHONE: 212-599-0009
FACSIMILE: 212-838-8663
chief@pmlevinelaw.com

July 15, 2025

HoNYSDChambers@nysd.uscourts.gov
Hon. Dale E. Ho
District Court Judge
United States Courthouse
40 Foley Square, Courtroom 908
New York, New York 10007

Re:   Brighthouse Life Ins. Co. v. Spin Capital, LLC, et al.
      Case No. 23-cv-8570-DEH

Dear Judge Ho:

I represent the Proposed Intervenors.

I am pleased to report that plaintiff Brighthouse Life Insurance Company and the Proposed Intervenors have agreed on the amount of the counsel fees to be awarded to Brighthouse under the Opinion & Order dated May 20, 2025. The agreed amount – $20,000 – represents a compromise resulting from candid, dispassionate, and professional negotiations between the two sides. The agreement relieves the parties of the burden of briefing, and the Court the burden of resolving, a fee application.

Given the agreement, and based on the Opinion & Order, I have prepared a Judgment [enclosed] providing for the full and final disposition of this case.

In accordance with the Opinion & Order [at pp. 9, 11, 13], the Judgment [at ¶¶ 1-4] provides for discharge, dismissal, and a permanent injunction in favor of Brighthouse. To assure finality, the Judgment [at ¶ 6] provides for the dismissal of the case "in its entirety."

The Judgment [at ¶ 5] also provides for the payment of $20,000 to Brighthouse from the interpleader fund held by the Receiver, Fred Stevens. This provision also accords with the Opinion & Order.

The Court awarded counsel fees to Brighthouse under the "ordinary course of business" standard applicable to interpleader actions. Opinion & Order at 23 [citing *Guardian Life Ins. Co. v. Gilmore*, 45 F.Supp.3d 310, 320-21 (S.D.N.Y. 2014) (declining to award fees when insurance carrier failed to identify "any unique expenses" incurred to litigate interpleader action), *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp.2d 97, 105 (E.D.N.Y. 2013) (declining to award fees when "Plaintiff did not incur any unique expenses in filing the present interpleader action that would exceed the ordinary cost of doing business as an insurance

**PETER M. LEVINE**
ATTORNEY AT LAW

Hon. Dale E. Ho
July 15, 2025
Page 2

company"), and *Feehan v. Feehan*, 2011 WL 497852, at *8 (S.D.N.Y. Jan. 10, 2011) (declining to award fees when plaintiff fails to explain "how the expenses incurred in filing an interpleader action in any way exceeded the ordinary cost of doing business as an insurance company")].

      In support of granting the award, the Court relied on *U.S. Life Ins. Co. in City of New York v. Blum*, 2011 WL 70385 (S.D.N.Y. Jan. 3, 22011) and *Travelers Ins. Co. v. Est. of Garcia*, 2003 WL 1193535 (E.D.N.Y. Feb. 4, 2003). Opinion & Order at 23-24. In each case, the counsel fees awarded to the interpleader plaintiff were ordered to be paid from the interpleader fund. *U.S. Life*, at *3 ("U.S. Life is entitled to recover this $6,416.22 from the insurance proceeds"); *Travelers* at *6 ("Travelers is awarded the $25,000 out of the interpleader fund deposited with the Clerk of the Court").

      To be consistent with all those cases, this Court should direct that the counsel fees awarded to Brighthouse be paid from the fund held by the Receiver.

      No party to this action can claim prejudice from having the fees paid from the interpleader fund. To put the matter in perspective, the $20,000 compromise represents 0.00217 [a shade over one-fifth of one percent] of the fund. As shown by the latest Accounting Statement, dated June 30, 2025, from Wilmington Trust, the fund now stands at $9,209,623. Beginning with February 2025, monthly interest on the fund has been averaging just over $30,000. The compromise amount is also far less than what the Receiver has spent pursuing contempt orders against defendant Stefan Leer in the state court action. *See Spin Cap., LLC v. Golden Foothill Ins. Servs., LLC*, 2025 N.Y. Slip Op. 03780, 2025 WL 1737892, at *1 (1st Dep't June 24, 2025).

      Payment from the interpleader fund would also be consistent with the parties' prior representations to the Court. In a Status Letter dated February 12, 2025 [ECF No. 131], defendant Spin Capital LLC represented:

> The proceeds of the Brighthouse policy are in the hands of Fred Stevens, as Court-Appointed Temporary Receiver (the "Receiver"), on deposit with Wilmington Trust, subject to the disposition of the pending motions for the award of counsel fees and the imposition of sanctions. A determination on the motions is needed so the Receiver can determine the amount that should remain reserved, or whether funds held can be disbursed as directed in the New York State Court Action.

The Proposed Intervenors concurred: "The proceeds of the Brighthouse policy are in the hands of the Receiver, on deposit with Wilmington Trust, subject to the disposition of the pending motions for the award of counsel fees and the imposition of sanctions." The Leer Defendants represented: "The only actions left are the two pending motions, and the Leer Defendants take no position on them." Brighthouse did not in the Status Letter comment on the sanctions motions, but at this point the source of the payment can only be a matter of indifference to Brighthouse.

PETER M. LEVINE
ATTORNEY AT LAW

Hon. Dale E. Ho
July 15, 2025
Page 3

I request that the Court sign the proposed Judgment.

Very truly yours,

[signature]

cc [ECF & email]:
All Counsel of Record

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIGHTHOUSE LIFE INSURANCE COMPANY,

                      Plaintiff,

-against-

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS COURT-APPOINTED
TEMPORARY RECEIVER,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

23-cv-8570-DEH

**[PROPOSED] JUDGMENT FOR DISCHARGE, DISMISSAL AND OTHER RELIEF IN INTERPLEADER**

        Plaintiff, Brighthouse Life Insurance Company, having commenced this interpleader action September 28, 2023 with respect to the remainder of the proceeds (the "Remaining Death Benefit") due under life insurance policy number 7447253 (the "Policy"); and

        Brighthouse having on February 29, 2024 deposited the Remaining Death Benefit of $9,388,602.74 plus interest (the "Interpleader Funds"), with the Clerk of Court, and the Court by Order dated December 20, 2024 having directed the Clerk to remit the Interpleader Funds to defendant Fred Stevens, as Court-Appointed Temporary Receiver (the "Receiver"); and

        Brighthouse having on March 15, 2024 filed a Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Interpleader Motion"); and

the Proposed Intervenors [1] having on May 1, 2024 filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 (the "Sanctions Motion"); and

the Court having issued an Opinion and Order dated May 20, 2025 granting the Interpleader Motion in part and denying the Interpleader Motion in part; and

the Court in the Opinion and Order having (i) granted Brighthouse's request for discharge, dismissal and a permanent injunction, (ii) denied Brighthouse's request to impose sanctions upon the Claimants [2], and (iii) denied Brighthouse's request for an award of attorneys' fees, except for costs and fees incurred defending against the Sanctions Motion; and

the Court in the Opinion and Order having denied the Sanctions Motion; and

the Court in the Opinion and Order having ordered the parties to brief the Court on the amount of attorneys' fees and costs to be awarded to Brighthouse in connection with the pursuit of its rights and remedies as a neutral stakeholder; and

Brighthouse and the Proposed Intervenors having reached an agreement that Brighthouse shall be awarded $20,000.

NOW, THEREFORE, it is ADJUDGED:

1.   Brighthouse shall be, and hereby is, discharged of all liability with respect to the Policy and with respect to the Interpleader Funds;

2.   All claims the Claimants have asserted or could have asserted against Brighthouse with respect to the Policy shall be, and hereby are, dismissed;

---

[1] The Proposed Intervenors consist Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, The Charissa & Toney Trust, The Charissa Toney Living Trust, Matthew Troy and American River Ag, Inc.

[2] The Claimants consist of defendants Spin Capital, LLC, the Leer Parties, Life Shares 1019, LLC, the Proposed Intervenors, and the Receiver. The Leer Parties consist of Defendants Stefan Leer, Tatanisha Leer, and various entities of which Stefan Leer is a principal: Golden Foothill Insurance Services, LLC, Life Factor II LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., ELDO Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., and DRVN Holdings, LLC.

3. All claims the Claimants have asserted or could have asserted against Brighthouse with respect to the Interpleader Funds shall be, and hereby are, dismissed;

4. The Claimants shall be, and hereby are, permanently enjoined from prosecuting or bringing any action or proceeding in any forum against Brighthouse with respect to the Policy or with respect to the Interpleader Funds;

5. The Receiver shall draw from the Interpleader Funds and deliver to Brighthouse's counsel of record $20,000 in full and final satisfaction of Brighthouse's claim for attorneys' fees and costs; and

6. Upon notice to the Court that the amount of $20,000 has been delivered to Brighthouse's counsel of record, this action shall be dismissed in its entirety,

Dated: New York, New York
      July __, 2025

_____
**United States District Judge**

-3-