UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK _ _ _ _ _ _ _

BRIGHTHOUSE LIFE INSURANCE COMPANY,

|  |  |
|---|---|
| Plaintiff, | 23-cv-8570-DEH |
| -against- | [PROPOSED]<br>JUDGMENT FOR<br>DISCHARGE, DISMISSAL<br>AND OTHER RELIEF IN<br>INTERPLEADER |

SPIN CAPITAL, LLC;
GOLDEN FOOTHILL INSURANCE SERVICES, LLC;
LIFE FACTOR II, LLC;
LIFE SHARES II, LLC;
EL DORADO HILLS INSURANCE SOLUTIONS, INC.;
LONE WOLF INSURANCE SERVICES, INC.;
ELDO INVESTMENTS, LLC;
THE GENESIS LS FUND, LLC;
KTL HOLDINGS, INC.;
DRVN HOLDINGS, LLC;
LIFE SHARES 1019, LLC;
STEFAN LEER;
TATANISHA LEER;
CAP FACTOR, LLC;
MICHAEL TRUSNER;
DAVA TRUSNER; and
FRED STEVENS, AS COURT-APPOINTED
TEMPORARY RECEIVER,

Defendants.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Plaintiff, Brighthouse Life Insurance Company, having commenced this interpleader action September 28, 2023 with respect to the remainder of the proceeds (the "Remaining Death Benefit") due under life insurance policy number 7447253 (the "Policy"); and

Brighthouse having on February 29, 2024 deposited the Remaining Death Benefit of $9,388,602.74 plus interest (the "Interpleader Funds"), with the Clerk of Court, and the Court by Order dated December 20, 2024 having directed the Clerk to remit the Interpleader Funds to defendant Fred Stevens, as Court-Appointed Temporary Receiver (the "Receiver"); and

Brighthouse having on March 15, 2024 filed a Motion for Discharge, Dismissal and Other Relief in Interpleader, Including Attorneys' Fees (the "Interpleader Motion"); and

the Proposed Intervenors [1] having on May 1, 2024 filed a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 (the "Sanctions Motion"); and

the Court having issued an Opinion and Order dated May 20, 2025 granting the Interpleader Motion in part and denying the Interpleader Motion in part; and

the Court in the Opinion and Order having (i) granted Brighthouse's request for discharge, dismissal and a permanent injunction, (ii) denied Brighthouse's request to impose sanctions upon the Claimants [2], and (iii) denied Brighthouse's request for an award of attorneys' fees, except for costs and fees incurred defending against the Sanctions Motion; and

the Court in the Opinion and Order having denied the Sanctions Motion; and

the Court in the Opinion and Order having ordered the parties to brief the Court on the amount of attorneys' fees and costs to be awarded to Brighthouse in connection with the pursuit of its rights and remedies as a neutral stakeholder; and

Brighthouse and the Proposed Intervenors having reached an agreement that Brighthouse shall be awarded $20,000.

NOW, THEREFORE, it is ADJUDGED:

1.    Brighthouse shall be, and hereby is, discharged of all liability with respect to the Policy and with respect to the Interpleader Funds;

2.    All claims the Claimants have asserted or could have asserted against Brighthouse with respect to the Policy shall be, and hereby are, dismissed;

---

[1] The Proposed Intervenors consist Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, The Charissa & Toney Trust, The Charissa Toney Living Trust, Matthew Troy and American River Ag, Inc.

[2] The Claimants consist of defendants Spin Capital, LLC, the Leer Parties, Life Shares 1019, LLC, the Proposed Intervenors, and the Receiver. The Leer Parties consist of Defendants Stefan Leer, Tatanisha Leer, and various entities of which Stefan Leer is a principal: Golden Foothill Insurance Services, LLC, Life Factor II LLC, Life Shares II, LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., ELDO Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., and DRVN Holdings, LLC.

3.    All claims the Claimants have asserted or could have asserted against Brighthouse with respect to the Interpleader Funds shall be, and hereby are, dismissed;

4.    The Claimants shall be, and hereby are, permanently enjoined from prosecuting or bringing any action or proceeding in any forum against Brighthouse with respect to the Policy or with respect to the Interpleader Funds;

5.    The Receiver shall draw from the Interpleader Funds and deliver to Brighthouse's counsel of record $20,000 in full and final satisfaction of Brighthouse's claim for attorneys' fees and costs; and

6.    Upon notice to the Court that the amount of $20,000 has been delivered to Brighthouse's counsel of record, this action shall be dismissed in its entirety,

Dated: New York, New York
         July 16, 2025

The Clerk of Court is respectfully directed to
terminate the case.  SO ORDERED.

Dale E. Ho
United States District Judge
Dated: July 16, 2025
New York, New York